GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov
*Attorneys for Defendants United States of America,*
*David Ballam, and Cynthia Sirk-Fear*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Trevor Reid, et al.,<br><br>Plaintiffs<br><br>v.<br><br>United States Department of Interior, et al.,<br><br>Defendants | No. CV-22-00068-PHX-SMB<br><br>**THE UNITED STATES' RULE 12(b)(1) PARTIAL MOTION TO DISMISS CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT; AND** *BIVENS* **DEFENDANTS BALLAM'S AND SIRK-FEAR'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)-(6)** |

Defendant, the United States of America (Doc. 16), pursuant to Rule 12(b)(1), Federal Rule of Civil Procedure ("Rule"), moves to dismiss Plaintiffs' complaint (Doc. 1) to the extent claims are asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* against U.S. Department of the Interior, National Park Service, Justin P. Doyle,[1] David Ballam, and Cynthia Sirk-Fear individually and in their official capacity as National Park Service law enforcement rangers, and Doe defendants, for lack of subject-matter jurisdiction.[2] The United States also moves to dismiss any FTCA claims that were not asserted in the administrative claims process for lack of subject-matter jurisdiction. Additionally, as the

---

[1] Mr. Doyle is deceased. Undersigned counsel is not authorized to represent Mr. Doyle. Undersigned counsel represents the United States and defendants Ballam and Sirk-Fear in their individual capacities—there is no valid claim against these individual defendants in their official capacities, as explained below.

[2] The United States' filing of this partial Motion to Dismiss tolls the filing of the Government's Answer. *See ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) ("…the majority of courts have expressly held that even though a pending motion to dismiss may only address some of the claims alleged, the motion to dismiss tolls the time to respond to all claims.")

sovereign, no constitutional tort claim lies against the United States under the FTCA, or otherwise, and such claims must be dismissed pursuant to Rule 12(b)(1).

Defendants Ballam and Sirk-Fear are sued under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for allegedly violating Plaintiffs' civil rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. (Doc. 1 at ¶¶ 8, 10, 13-55). The *Bivens* claims should be dismissed because (1) they are time-barred; (2) this Court lacks personal jurisdiction over Virginia residents Ballam and Sirk-Fear who lack minimum contacts with Arizona and neither of whom were personally served; (3) no *Bivens* claim lies against Sirk-Fear as a matter of law because she had no personal involvement in the subject complained-of encounter; (4) the claims do not state a plausible entitlement to relief under Supreme Court precedent; and (5) venue for the *Bivens* claims is improper in this Court under 28 U.S.C. § 1391(b). The *Bivens* claims and defendants Ballam and Sirk-Fear should be dismissed.

Pursuant to the Court's Order (Doc. 7) and Local Rule of Civil Procedure 12.1(c), undersigned counsel certifies that he conferred with Plaintiffs prior to filing this motion. *See* **Ex. A,** Notice of Certification of Conferral.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Overview

Plaintiffs filed suit on January 12, 2022. (Doc. 1). Plaintiffs allege that on August 19, 2017, defendants committed tortious acts against them in Prince William Forest Campground near Triangle, Virginia, cognizable under the FTCA and other federal and state constitutional violations. (*Id.* at ¶¶ 10, 12 – 55, 60 – 72). The United States was not named as a defendant and filed its Notice of Substitution in place of individual defendants Doyle, Ballam, and Sirk-Fear for the FTCA claims only on June 10, 2022. (Doc. 16). Doyle, Ballam, and Sirk-Fear were certified as acting within the scope of their employment as employees of the United States, through its agency, the Department of the Interior, at the time of the conduct complained of in the Complaint. (Doc. 16-1). Prior to filing suit, Plaintiffs submitted separate SF-95 Forms (Claim for Damage, Injury, or Death) with the National Park Service on August

18, 2019,[3] and a joint request for reconsideration of claim denials to the Department of the Interior on June 1, 2021.[4] The reconsideration request was denied on July 13, 2021.

## II.    Legal Standard for Rule 12(b)(1) Motion

"Plaintiffs bear the burden of establishing a court's subject-matter jurisdiction." *A.P.F. v. United States*, 492 F.Supp.3d 989, 997 (D. Ariz. 2020) (citation omitted) This motion is a "facial" attack on the Complaint. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005) (the court "take[s] the allegations in the plaintiff's complaint as true" when a 12(b)(1) motion "asserts that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law"). *Id.* The court also draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## III.   Argument

### 1.    The United States is the sole proper defendant for FTCA claims.

No claim under the FTCA exists against any federal agency *eo nomine*, and therefore, defendants U.S. Department of the Interior and National Park Service should be dismissed. *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 2008) ("[A]n agency itself cannot be sued under the FTCA."). *Id.* (Citation omitted). Federal employee defendants Doyle, Ballam, and Sirk-Fear are immune from tort claims that challenge alleged negligent acts performed while acting within the scope of government employment under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act). 28 U.S.C. § 2679. *See* Certification of Scope of Employment (Doc. 16-1). *See also Watchman-Moore v. United States*, CV-17-08187-PCT-BSB, 2018 WL 4522925, at *5 (D. Ariz. Apr. 13, 2018)

---

[3] *See* **Ex. B,** Trevor Reid SF-95 with attachment; and **Ex. C,** Crystale Reason SF-95, incorporating by reference Plaintiff Reid's claims and adding a claim for compensation of a paid parking ticket fine.

[4] *See* **Ex. D,** Reconsideration of FTCA Claims (TPB-19-0731 and TPB-19-0734).

("individual employees are not proper defendants under the FTCA"), report and recommendation adopted at 2018 WL 3083848, at *2 (D. Ariz. Jun. 22, 2018). The FTCA also does not permit suits against fictitious defendants. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Thus, the United States is the sole proper defendant with respect to the FTCA claims. *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action[.]"). *Id.*

There is no claim for punitive damages under the FTCA. 28 U.S.C. § 2674. There is no claim for injunctive or declaratory relief. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) ("'The [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.'") (*quoting Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974)). There is no right to a jury trial of the FTCA claims. 28 U.S.C. § 2402.  Thus, Plaintiffs' claims for punitive damages, declaratory and injunctive relief, and demand for jury trial (Doc. 1 at ¶¶ 73b, d, e, 74, 75) should also be dismissed as to the FTCA claims.

**2.      The United States has not waived sovereign immunity for *Bivens* liability or alleged state constitutional violations.**

"The United States is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the United States." *A.P.F.*, 492 F.Supp.3d at 994, *citing United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Absent a waiver, sovereign immunity shields the Federal Government … from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* No constitutional tort claim lies against the United States under the FTCA. *Id.* at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). *Id. See also DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1128 (9th Cir. 2019) (Noting, "the district court properly dismissed the *Bivens* claims against the United States for lack of subject matter jurisdiction."), *citing Meyer*, 510 U.S. at 486, and *Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987). Therefore, Plaintiffs' constitutional tort claims and other alleged state constitutional violations (Doc. 1 at ¶¶ 10, 69, 72) against the United States should be dismissed.

**3.** **There is no subject-matter jurisdiction over any FTCA claim that was not administratively exhausted.**

This Court lacks subject-matter jurisdiction over any FTCA claim that was not asserted in the administrative claims process. 28 U.S.C. § 2675(a). *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) ("This administrative claim prerequisite is jurisdictional."). *Id.* (Citation omitted). "§ 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits no exceptions." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). "Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim. 28 U.S.C. § 2675(a)." *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Absent proof of filing an administrative claim deprives this Court of jurisdiction and requires dismissal of any claim raised for the first time in the Complaint. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) (Holding plaintiff "failed to comply with [§ 2675(a)'s] jurisdictional requirement that she file an administrative claim."). *Id.*

The chart below compares Plaintiffs' administrative claims (*see* **Exs. B, C, D**) to the claims in the Complaint (Doc. 1):

| Administrative Claim | Asserted in SF-95 or Reconsideration Request | Complaint |
|---|---|---|
| Assault by Doyle | Yes ¶ 10 | ¶ 70a |
| Assault by Ballam | Yes ¶ 10 | ¶ 70a |
| Assault by Sirk-Fear | **NO** | ¶ 70a |
| Battery by Doyle | Yes ¶ 11 | ¶ 70b |
| Battery by Ballam | **NO** | ¶ 70b |
| Battery by Sirk-Fear | **NO** | ¶ 70b |
| Malicious Prosecution (Plaintiff Reason Only) | Yes | ¶ 70c |

| Administrative Claim | Asserted in SF-95 or Reconsideration Request | Complaint |
|---|---|---|
| Intentional Infliction of Emotional Distress (IIED) by Doyle | Yes ¶¶ 13-17 | ¶ 70d |
| IIED by Ballam | **NO** | ¶ 70d |
| IIED by Sirk-Fear | **NO** | ¶ 70d |
| Negligent Infliction of Emotional Distress (NIED) by Doyle | **NO** | ¶ 70e |
| NIED by Ballam | **NO** | ¶ 70e |
| NIED by Sirk-Fear | **NO** | ¶ 70e |
| Trespass to Real Property by Doyle | Yes ¶ 19 | ¶ 70g |
| Trespass to Real Property by Ballam | Yes ¶ 19 | ¶ 70g |
| Trespass to Real Property by Sirk-Fear | **NO** | ¶ 70g |
| Trespass to Chattel by Doyle | Yes ¶ 6; Reconsideration (p. 2) | ¶ 70h |
| Trespass to Chattel by Ballam | **NO** | ¶ 70h |
| Trespass to Chattel by Sirk-Fear | **NO** | ¶ 70h |
| Negligent Hiring, Supervision, & Training of Doyle | Yes (p. 3) | ¶ 68 |
| Negligent Hiring, Supervision, & Training of Ballam | **NO** | ¶ 68 |
| Negligent Hiring, Supervision, & Training of Sirk-Fear | **NO** | ¶ 68 |
| Negligent Retention of Doyle, Ballam, & Sirk-Fear | **NO** | ¶ 68 |
| Religious, racial or ethnic harassment per Va. Code Ann. § 8.01-42.1 | **NO** | ¶ 71a |
| Use of insulting words per Va. Code Ann. § 8.01-45 | **NO** | ¶ 71b |
| Breach of contract, constructive eviction, unlawful eviction, under common law and Va. Code Ann. § 8.01-27 | Yes (Reconsideration at p. 2) | ¶ 71c |

Any claim that was not raised in the SF-95 or Reconsideration Request should be dismissed for lack of subject matter jurisdiction. *Brady*, 211 F.3d at 503. Additionally, "[a]ny claim arising out of … libel, slander, misrepresentation, deceit, or interference with contract rights[]" is excepted from the waiver of sovereign immunity. 28 U.S.C. § 2680(h). Thus, Plaintiffs' claims for Libel (Doc. 1 at ¶ 70f), Civil conspiracy (*Id.* at ¶ 71d)[5], and Fraud (*Id.* at ¶ 71e)[6] should be also dismissed pursuant to Rule 12(b)(1).

**4.      No *Bivens* claim lies against Ballam or Sirk-Fear in their official capacity.**

"'[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.'" *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007), *quoting Daly-Murphy*, 837 F.2d at 355, and also noting that, "the Supreme Court has refused to extend Bivens remedies from individuals to agencies." 482 F.3d at 1173, *citing Meyer*, 510 U.S. at 484. "[A] Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." 482 F.3d at 1173 (citation omitted).

**5.      The *Bivens* claims are time-barred.**

Plaintiffs' *Bivens* claims are time-barred because the claims were not filed pursuant to Va. Code Ann. § 8.01-243(A)[7] within two (2) years of the alleged violations on August 19, 2017. (Doc. 1 at ¶¶ 14, 27-55), *See W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (forum state's personal injury statute of limitations applies to *Bivens* actions); and *Sakwa v. Aronica*, No. 92-2069, 1993 WL 165297, (4th Cir. May 18, 1993) (same). The

---

[5] *See e.g. Goble v. Ward*, 628 Fed. Appx 692, 699 (11th Cir. 2015) (substance of civil conspiracy claim arises out of alleged misrepresentation and deceit and is barred by § 2680(h)). *Cf.* (Doc. 1 at ¶ 59) (alleging submission of "materially false, misleading, and/or inaccurate written statements regarding this incident" by defendant Doyle). *Id.*

[6] *See A.P.F.*, 492 F.Supp.3d at 997 (holding the "misrepresentation" and "deceit" exceptions in § 2680(h) "covers both claims of negligent misrepresentation and claims of fraudulent misrepresentation."). *Id.* (internal quotation marks and citation omitted). *See also Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 306 F.Supp.3d 776, 785 (D. Md. 2018) (citing cases holding fraud claims barred under the FTCA by § 2680(h)).

[7] The Arizona statute of limitations for personal injury claims is identical. *See* A.R.S. § 12-542(1).

exhaustion of the FTCA administrative claim process did not toll Plaintiffs' *Bivens* claims. *See Bourassa v. United States*, No. 4:20-CV-4210, 2022 WL 204644, at \*8 (D.S.D. Jan. 24, 2022) (collecting cases); *Degante v. Markey*, 1:22-CV-00662, 2022 WL 1479309, at \*2 (W.D. La. May 10, 2022) ("Exhaustion under the FTCA does not toll the statute of limitations of a *Bivens* claim."). *Id.* (Citation omitted).

### 6.    This Court lacks personal jurisdiction over Ballam or Sirk-Fear.

Ballam and Sirk-Fear are, and were at all relevant times, Virginia residents.[8] "[T]he exercise of personal jurisdiction over a non-resident defendant must be authorized by a rule or statute <u>and</u> consonant with the constitutional principles of due process." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (citation omitted) (emphasis added). As explained below, Plaintiffs failed to effectuate personal service "authorized by a rule or statute" on Ballam or Sirk-Fear. *Id.* Even had personal service been effectuated—and it was not—exercise of personal jurisdiction by this Court over Ballam and Sirk-Fear would not be "consonant with the constitutional principles of due process." *Id.*

### a.    <u>No personal service effectuated under Rule 4(i)(3)</u>

A court's exercise of personal jurisdiction over a party is dependent upon proper service of process. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1556 (2017) ("absent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction."), *citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Because the *Bivens* claims can only be asserted against Ballam and Sirk-Fear in their individual capacities, *Daly-Murphy*, 837 F.2d at 355, service on Ballam and Sirk-Fear must be effectuated pursuant to Rule 4(i)(3). Therefore, barring proper service in a foreign country under Rule 4(f), Ballam and Sirk-Fear may be served in a judicial district of the United States by following Arizona law (long-arm rule 4.2, Ariz. R. Civ. ), or the law of the state where

---

[8] *See* **Ex. E,** Ballam Declaration; and **Ex. F,** Sirk-Fear Declaration. A Rule 12(b)(2) motion remains a jurisdictional motion to dismiss even if evidence outside of the pleadings is considered. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[W]e only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction."). *Id.* (Internal quote marks and citation omitted).

service is made, or by personally serving each defendant, or by leaving a copy of the summons at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to an authorized agent. *See* Rule 4(e); *see also Freeman v. Fallin*, 210 F.R.D. 255, 255-256 (D.D.C. 2002) ("Because a *Bivens* action seeks damages against federal officials in their individual capacities, defendants in a *Bivens* action must be served as individuals under Rule 4(e)."). *Id.* (citations omitted). Plaintiffs failed to serve Ballam or Sirk-Fear under any of these options.[9]

### b.   Lack of constitutionally-requisite minimum contacts with Arizona

Ballam and Sirk-Fear each lack the constitutionally-requisite minimum contacts with Arizona required for the exercise of personal jurisdiction over them. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."). *Id.* "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts…such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'". *Id.* at 283, c*iting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940). As explained below, the *Bivens* claims do not arise out of Ballam's or Sirk-Fear's respective limited contacts with Arizona—*see* **Ex. E,** Ballam Declaration; and **Ex. F,** Sirk-Fear Declaration—to permit the exercise of specific personal jurisdiction over them, and their limited Arizona contacts are neither substantial nor "continuous and systematic" to permit the exercise of general personal jurisdiction over them. *See LNS Enters. LLC v. Cont'l Motors Inc.*, 464 F.Supp.3d 1065, 1072 (D. Ariz. 2020) ("General jurisdiction exists when the defendant has 'continuous and systematic' contacts with the forum state, whereas specific jurisdiction exists when the

---

[9] The purported service on the individual defendants memorialized in Affidavit of Service (Doc. 15) is of no moment and fails under Rule 4(e)(1). *See also* Va. Code Ann. § 8.01-296; Ariz. R. Civ. P. 4.2(c); and *Postal Instant Press, Inc. v. Corral Restaurants, Inc.*, 186 Ariz. 535, 537 n. 2 (1996) ("[S]ervice by mail on a person outside Arizona is governed by Rule 4.2(c) … [T]o effect service outside the state, the serving party must first obtain the signed postal receipt and then must prepare and file an affidavit … to which the receipt must be attached."). *Id.*

1   controversy arises from or is related to the defendant's contacts with the forum state."). *Id.*
2   (Citation omitted).

3        If a federal statute does not determine personal jurisdiction in a matter, "'the district
4   court applies the law of the forum state.'" *Id., quoting Freestream Aircraft (Bermuda) Ltd. v.*
5   *Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). *See also Walden*, 571 U.S. at 283 ("Federal
6   courts ordinarily follow state law in determining the bounds of their jurisdiction over
7   persons."). *Id.* (Internal quotation marks and citation omitted). "An Arizona state court may
8   exercise personal jurisdiction over a person, whether found within or outside Arizona, to the
9   maximum extent permitted by the Arizona Constitution and the United States Constitution…."
10  Rule 4.2(a), Ariz. R. Civ. P. "Arizona's long-arm rule permits the exercise of personal
11  jurisdiction to the extent allowed by the due process clause of the United States Constitution."
12  *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004) (internal
13  citation and quotation omitted); *In re Consolidated Zicam Prod. Liab. Cases*, 127 P.3d 903,
14  908 (App. 2006) (same). An Arizona court can exercise general or specific personal
15  jurisdiction over a non-Arizona defendant. *Id.* General jurisdiction "applies only when []
16  defendants have 'substantial' or 'continuous and systematic' contacts with Arizona[]" and
17  renders defendant subject to suit on almost any claim '[e]ven when the cause of action does
18  not arise out of or relate to [their] activities' in Arizona." *Id.* (Citation omitted). Conversely,
19  specific personal jurisdiction may only be exercised by Arizona courts over non-resident
20  defendants "to the extent permitted by the Due Process Clause of the United States
21  Constitution." *Id., citing* Rule 4.2(a), Ariz. R. Civ. P. "Due process is satisfied if (1) the
22  defendants performed some act or consummated some transaction with Arizona by which they
23  purposefully availed themselves of the privilege of conducting activities in this state; (2) the
24  claim arises out of or results from the defendants' activities related to Arizona; and (3) the
25  exercise of jurisdiction would be reasonable." *Id., citing Cybersell, Inc. v. Cybersell, Inc.*, 130
26  F.3d 414, 416 (9th Cir. 1997). Plaintiffs bear the burden to demonstrate that specific personal
27  jurisdiction exists. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

28        Neither Ballam nor Sirk-Fear has, or has ever had, "continuous and systematic"

contacts with Arizona to permit the exercise of general personal jurisdiction. *LNS Enters. LLC*, 464 F.Supp.3d at 1072. Neither Ballam nor Sirk-Fear has "(1) …. purposefully directed his[/her] activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he[/she] purposefully avail[ed] him[/her]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the [*Bivens*] claim[s] … [do not] arise[] out of or relate to [Ballam's or Sirk-Fear's] forum-related activities; and [3] the exercise of jurisdiction [would not] comport with fair play and substantial justice, i.e., it [would not] be reasonable." *LNS Enters. LLC*, 464 F.Supp.3d at 1072, *citing Freestream*, 905 F.3d at 603 (9th Cir. 2018) (internal quotation marks omitted). Plaintiffs bear the burden of proving the first two prongs. *LNS Enters. LLC*, 464 F.Supp.3d at 1072 (If plaintiff meets this burden, burden shifts to defendant to show exercise of jurisdiction would not be reasonable) (citations omitted). "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state." *Id.* (Internal quotation marks and citations omitted). "Without such a connection, 'specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Id., quoting Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017).

Ballam attended training for two weeks at Grand Canyon National Park in 2018 and spent a half-day at Hoover Dam on a personal visit to Nevada in 2014. (**Ex. E,** Ballam Declaration at ¶¶ 8-10). Ballam has never been a resident of Arizona, has never owned property in Arizona, and has never held an account in Arizona. (*Id.* at ¶¶ 4-6). Sirk-Fear held a work assignment for less than one week at Grand Canyon National Park in 2015; attended one week training at Grand Canyon National Park in 2018; worked a two-month detail assignment at Grand Canyon National Park in 2019[10]; and spent three to four days at the Grand Canyon with her family on vacation collectively in 2008 and 2012. (**Ex. F,** Sirk-Fear Declaration at ¶¶ 8-

---

[10] *See LNS Enters. LLC*, 464 F.Supp.3d at 1072 ("Only contacts occurring prior to the event causing the litigation … may be considered by the Court."). *Id.* (Internal quotation marks and citation omitted).

12). Sirk-Fear has never been a resident of Arizona, has never owned property in Arizona, and has never held an account in Arizona. (*Id.* at ¶¶ 4-6). Therefore, there is no basis for the exercise of personal jurisdiction by this Court over Ballam or Sirk-Fear.

**7. No *Bivens* claim lies against Sirk-Fear as a matter of law.**

Sirk-Fear, then-Chief Ranger of Prince William Forest Park (Doc. 1 at ¶ 57), was not personally involved in the subject encounter with Plaintiffs, and only spoke to Plaintiff Reid by phone days after the encounter after initially emailing Mr. Reid regarding his written complaint to the National Park Service Office of Professional Responsibility. (*Id.* at ¶¶ 57-58). As such, no *Bivens* claim lies against Sirk-Fear as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). *Id.*

**8. Plaintiffs' *Bivens* claims fall outside of the narrow recognized circumstances for such damages remedy and fail to state a claim.**

Plaintiffs' *Bivens* claims do not fall within the very narrow set of circumstances in which a plaintiff can obtain a damages remedy under *Bivens*. The *Bivens* claims also fail to state a claim upon which relief can be granted because, under the Supreme Court's *Bivens* precedents discussed below, the claims do not "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

The Supreme Court recently reaffirmed that, "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 142 S.Ct. 1793, 1803 (2022), *quoting Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856-1857 (2017). "[M]ore recently, we have indicated that if we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution." *Egbert*, 142 S.Ct. at 1809, *citing Ziglar*, 137 S.Ct. at 1855. "In *Bivens*, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert*, 142 S.Ct. at 1802, *quoting Bivens*, 403 U.S. at 397. "Although 'the Fourth Amendment does not in so many words

provide for its enforcement by an award of money damages,' *id.* at 396[] the Court 'held that it could authorize a remedy under general principles of federal jurisdiction[.]'" *Egbert*, 142 S.Ct. at 1802, *quoting Bivens* (as indicated), and *Ziglar*, 137 S.Ct. at 1854. On 11 subsequent occasions, the Court "declined … to imply a similar cause of action for other alleged constitutional violations." *Egbert*, 142 S.Ct. at 1799-1800 (listing cites). Only twice after *Bivens* did the Court "fashion[] new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Egbert*, 142 S.Ct. at 1802 (Noting, "[s]ince these cases, the Court has not implied additional causes of action under the Constitution."). *Id.*

"At bottom, creating a cause of action is a legislative endeavor." *Id.* "When asked to imply a *Bivens* action, 'our watchword is caution.'" *Id.* at 1803, *quoting Hernández v. Mesa*, 140 S.Ct. 735, 742 (2020). If Congress "'might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [it].'" *Egbert*, 142 S.Ct. at 1803, *quoting Ziglar*, 137 S.Ct. at 1858. "'[E]ven a single sound reason to defer to Congress' is enough to require a court to refrain from creating such a remedy." *Egbert*, 142 S.Ct. at 1803, *quoting Nestlé USA, Inc. v. Doe*, 141 S.Ct. 1931, 1937 (2021). "'[T]he most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Egbert*, 142 S.Ct. at 1803, *quoting Hernández*, 140 S.Ct. at 750. "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case, *see Ziglar*, 137 S.Ct. at 1857-1858—no *Bivens* action may lie." *Egbert*, 142 S.Ct. at 1803.

In evaluating a proposed *Bivens* claim, the Court in *Egbert* stated, "our cases have framed the inquiry as proceeding in two steps. First, we ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to

proceed.' If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 142 S.Ct. at 1803 (internal citations omitted). "While our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* This case presents "a new *Bivens* context" because it is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S.Ct. at 1859. *See also Hernández*, 140 S.Ct. at 743 ("[O]ur understanding of a 'new context' is broad."). *Id.* Plaintiffs ask this court to fashion a new *Bivens* cause of action under the Fourth, Fifth, and Sixth Amendments to the Constitution. (Doc. 1 at ¶¶ 10, 69). Plaintiffs allege their civil rights were violated at a public campsite when they were questioned by a National Park Service ranger (Doyle) concerning the location in which they parked their vehicle. Plaintiffs refused to answer Doyle's basic questions. Plaintiff Reid was patted down by Doyle and Plaintiff Reason was issued a parking citation before Doyle and Ballam left the campsite. (Doc. 1 at ¶¶ 13-55). Plaintiffs complain that (1) Doyle's flashlight periodically shone in their eyes; (2) Doyle shouted and knocked on the window of their vehicle when he arrived to get their attention; (3) Doyle quickly lifted a rain flap on a tent at the campsite to look inside for the source of a noise (a dog Plaintiffs had refused to identify); and (4) Ballam did not provide Plaintiff Reason a jacket when she complained of being chilled in the 70-plus degree weather. *Id.*

The Supreme Court has never recognized a *Bivens* remedy under the Sixth Amendment, as sought by Plaintiffs. (Doc. 1 at ¶¶ 10, 69). The Court has repeatedly refused to recognize a *Bivens* remedy under the Fourth and Fifth Amendments except under the specific facts and circumstances that were present in the *Bivens*, 403 U.S. 388 and *Davis*, 442 U.S. 228 matters, respectively. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernández*, 140 S.Ct. at 743. The Court has not articulated a comprehensive list of "special factors that counsel hesitation about granting the extension" of a *Bivens* remedy to a case arising in "a new context[.]" *Id.* (cleaned up) ("[B]ut we have explained that 'central to [this]

analysis' are 'separation-of-powers principles.'"). *Id.* (*quoting Ziglar*, 137 S.Ct. at 1857). Thus, "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure[] … that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Egbert*, 142 S.Ct. at 1804. Congress has authorized tort suits for monetary damages under the conditions prescribed in the FTCA. In addition to their FTCA claims, Plaintiffs also filed a claim with the National Park Service's Office of Professional Responsibility concerning the subject August 19, 2017 encounter. (Doc. 1 at ¶¶ 56-58). In sum, Plaintiffs' *Bivens* claims present "a new *Bivens* context," Congress, not the courts, is in the best position to determine whether to create a new damages remedy for the specific factual circumstances at issue, and "an alternative remedial structure" exists in the forms of the FTCA and complaint process utilized by Plaintiffs through the National Park Service's Office of Professional Responsibility for the complained-of conduct in this matter. The *Bivens* claims should be dismissed.

**9.    Venue for the *Bivens* claims is improper in this district.**

Venue is improper in this district. Ballam and Sirk-Fear are, and at all relevant times were, residents of Virginia. (*See* **Exs. E, F**). The alleged events and omissions giving rise to Plaintiffs' claims occurred in Virginia. (Doc. 1 at ¶¶ 13-55). Under 28 U.S.C. § 1391(b)(1) or (2), venue is proper in the District of Virginia, not Arizona, because Ballam and Sirk-Fear both reside in Virginia, and a substantial part of the events giving rise to the *Bivens* claims occurred in Virginia. *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (Claims against government officials in their individual capacities are governed by 28 U.S.C. § 1391(b). *Id.*

**IV.   Conclusion**

For the foregoing reasons, all claims and Defendants should be dismissed except the FTCA claims against the United States only that were administratively exhausted, *i.e.* the alleged (1) Assault (Doyle and Ballam), (2) Battery (Doyle), (3) Malicious prosecution, (4) Intentional infliction of emotional distress (Doyle), (5) Trespass real property (Doyle and Ballam), (6) Trespass to chattel (Doyle), (7) Negligent hiring, training, and supervision

1   (Doyle), and (8) Breach of contract, constructive/unlawful eviction.[11]

2

3         RESPECTFULLY SUBMITTED this 11th day of October, 2022.

4                             GARY M. RESTAINO
                          United States Attorney

5                             District of Arizona

6                             s/*Noel C. Capps*

7                             NOEL C. CAPPS
                          Assistant United States Attorney

8                             *Attorneys for Defendants United States*
                          *of America, David Ballam, and Cynthia*

9                             *Sirk-Fear*

10

11

12

13

14

15

16                     **CERTIFICATE OF SERVICE**

17         I hereby certify that on October 11, 2022, I electronically transmitted the attached

18   document via electronic mail to the below emails and to the Clerk's Office and using the

19   CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following

20   CM/ECF registrant(s):

21   **Trevor Reid**
**Crystale Reason**

22   3920 E. Thomas Rd. # 5723

23   Phoenix, AZ 85010
trevor.d.reid@gmail.com

24   crystale.reid@gmail.com
PRO SE

25

26   A copy of the forgoing will also be mailed via U.S. First Class mail.

27

28         [11] The United States reserves all rights and objections to the ultimate viability of these for-
now remaining claims, including but not limited to, dispositive motion practice.

*s/ Celescia Broughton*
U.S. Attorney's Office