EXHIBIT D

TO:     UNITED STATES DEPARTMENT OF THE INTERIOR
        OFFICE OF THE SOLICITOR
        DIVISION OF GENERAL LAW, TORTS PRACTICE BRANCH
        1849 C STREET, NW, MS 6440
        WASHINGTON, DC 20240

FROM: TREVOR REID
        CRYSTALE REASON

        PHOENIX, AZ 85008

DATE: JUNE 1st, 2021

RE:     RECONSIDERATION OF FTCA CLAIMS **TPB-19-0731** & **TPB-19-0734**

This is our request that you reconsider the denial of the above referenced claims.

In reconsidering please note the following points which, except as noted, apply to both claims:

1.  Your letters indicate you "cannot determine the United States is liable under the FTCA or Virginia law," via review of the claim file as it stands.

2.  Yet, you have made no serious effort to engage with us in ascertaining the serious harm done by park ranger Justin Doyle's invasion and search of our abode, long arrest which was unreasonable in light of the alleged suspicions, mistreatment of those in his custody, and overall his demonstrably sloppy, if not malicious, law enforcement work — all this in the dead of night on a factually dubious pretext of a parking ticket that the United States itself characterizes as a "petty offense."

3.  Nor have you raised any factual questions or disagreements for us to address with you.

4.  We still believe this matter can be resolved without the time, work and expense that all parties would sink into a lawsuit. This can happen only if you engage with us. We are very willing to provide information for your claim file, when an ***identifiable attorney or official, fully authorized to settle the claim*** reaches out to us.

5.  Doyle's General Report and his statement made to the court in *United States v. Reason* (1:17-po-02320, E.D. Virginia) both refer to events taking place on August 20th, a day on which it is impossible for him to have had any contact with either Mr. Reid or Ms. Reason. ***Doyle's credibility and attention to detail are doubtful***.

REID-DOI-000030

6. Doyle claims to have been concerned about a vehicle parked off road. Yet he ***arrived at the campsite without a citation book***. The citation written came from a book signed out to another officer who did not arrive until Mr. & Mrs. Reid had already been held for more than 25 minutes. ***This fact alone shows that Doyle prolonged the detention beyond what was reasonable***.

7. Doyle entered his report at 1:18 PM, August 21, 2017 — almost 38 hours after leaving the incident. In contrast, Mr. & Mrs. Reid immediately committed their detailed recollections to writing in the moments after being harassed and mistreated. ***Doyle's inaccuracies and lack of credibility aside, the probative value of the claimants' recollection is superior to Doyle's***.

REGARDING DAMAGES: Among our claims are Doyle's tortious behavior such as battery, assault, false arrest, and violations of our rights for which nominal damages may traditionally be assessed.

Nominal damages reflect harm which is real but not always quantifiable. This redress is distinct from punitive damages which are precluded under FTCA. Nominative redress ensures important matters of principle are resolvable in our democracy. Every violation of a right imports damage. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 209 L. Ed. 2d 94 (2021).

At least as important to us as a financial resolution is that the department recognizes the problematic conduct of Justin Doyle and rangers like him. DOI owes Americans better.

The American public is increasingly aware of a pervasive culture of heavy handed policing.

Sadly, Doyle's actions along with aspects of his training record do make clear that he plays a role in this long standing problem. Our investigation has not so far established whether race factored in the rangers' behavior. Nevertheless, it is a fact that Mr. Reid is of a race different from the officers and that Mr. & Mrs. Reid are an interacial couple.

While DOI's recognition of the problem is crucial, we are also prepared to have a serious discussion, and to document the many ways in which these events have harmed us — financial, tangible as well as intangible.These include but are not limited to loss of sleep, exacerbation of illness, and money spent on psychiatry, counseling, medication, the unused day at camp (constructive eviction and/or simple breach of contract), damage to our camping gear, forfeiture of collateral in the wrongfully prosecuted parking ticket and more.

Again, we believe such an exchange can only be fruitful between ourselves and an identifiable ***attorney(s) or official(s), fully authorized to settle or make compromises on this claim***.

Thank you for your reconsideration of our claim. If the department does not take the opportunity to settle these claims through the FTCA process then we are committed to seeking justice in the next appropriate forum.