GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov
*Attorneys for Defendant United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Trevor Reid, Crystale Reason<br><br>Plaintiffs<br><br>v.<br><br>United States of America, and one or more unknown named agents of the United States, called by the fictitious names John Doe or Jane Doe, who identities are not yet known<br><br>Defendants. | No. CV-22-00068-PHX-SMB<br><br>**DEFENDANT UNITED STATES' PARTIAL MOTION TO DISMISS AMENDED COMPLAINT [DOC. 28] PURSUANT TO RULE 12(b)(1)** |

The United States of America ("Defendant"), pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, and this Court's Order (Doc. 31), moves to dismiss Plaintiffs' Amended Complaint (Doc. 28) to the extent claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, (1) were not asserted in the administrative claims process, or (2) are asserted against Doe defendants.[1] Defendant also moves to dismiss Plaintiffs' claims for libel, civil conspiracy, fraud, and breach of contract/constructive and unlawful eviction (Doc. 28 at 11 ¶¶ 71f., 72c., d., e.) because such claims are excepted from the waiver of sovereign immunity. 28 U.S.C. § 2680(h). Further, as the sovereign, no constitutional tort claim lies against Defendant under the FTCA or otherwise (Doc. 28 at 11 ¶70), and such claims

---

[1] The filing of this partial motion to dismiss tolls the filing of the Government's Answer. *See ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011 WL 6296833, at *5 (D. Ariz. Dec. 16, 2011) ("…the majority of courts have expressly held that even though a pending motion to dismiss may only address some of the claims alleged, the motion to dismiss tolls the time to respond to all claims.").

must also be dismissed.

Pursuant to the Court's Order (Doc. 7) and Local Rule of Civil Procedure 12.1(c), undersigned counsel certifies that he conferred with Plaintiffs prior to filing this motion. *See* **Ex. A,** Notice of Certification of Conferral.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   Overview

Plaintiffs filed an Amended Complaint on November 1, 2022. (Doc. 28). Plaintiffs allege that on August 19, 2017, defendants committed tortious acts against them in Prince William Forest Campground near Triangle, Virginia, cognizable under the FTCA, and other federal and state constitutional violations. (Doc. 28 at 2-12 ¶¶ 8, 10 – 56, 60 – 72). Former defendants, National Park Service rangers Mr. Doyle, Mr. Ballam, and Ms. Sirk-Fear, referred to throughout the Amended Complaint, were previously certified as acting within the scope of their employment as employees of the United States, through its agency, former defendant the Department of the Interior, at the time of the conduct complained of in the original complaint. (Doc. 16-1). Prior to filing suit, Plaintiffs submitted separate SF-95 Forms (Claim for Damage, Injury, or Death) with former defendant National Park Service on August 18, 2019,[2] and a joint request for reconsideration of claim denials to the Department of the Interior on June 1, 2021.[3] The reconsideration request was denied on July 13, 2021.

### II.   Legal Standard for Rule 12(b)(1) Motion

"Plaintiffs bear the burden of establishing a court's subject-matter jurisdiction." *A.P.F. v. United States*, 492 F.Supp.3d 989, 994 (D. Ariz. 2020), *citing Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) and *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122 (9th Cir. 2010). This motion is a "facial" attack on the Amended Complaint. *See Safe Air*

---

[2] *See* **Ex. B,** Trevor Reid SF-95 with attachment; and **Ex. C,** Crystale Reason SF-95, incorporating by reference Plaintiff Reid's claims and adding a claim for compensation of a paid parking ticket fine. The Amended Complaint cites, refers to, and relies upon Plaintiff's SF-95 forms. (Doc. 28 at 10 ¶¶ 61-65).

[3] *See* **Ex. D,** Reconsideration of FTCA Claims (TPB-19-0731 and TPB-19-0734). The Amended Complaint also cites, refers to, and relies upon Plaintiff's administrative reconsideration request. (Doc. 28 at 10 ¶¶ 66-67).

*for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005) (the court "take[s] the allegations in the plaintiff's complaint as true" when a 12(b)(1) motion "asserts that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law"). *Id.* The court also draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "When the motion is a facial attack, the court only considers the allegations in the complaint and any documents attached to the complaint or referred to in the complaint." *Henley Finance, Ltd v. Goyette & Associates, Inc.*, No. 2:20-cv-01834-TLN-KJN, 2022 WL 597698, at *2 (E.D. Cal. Feb. 28, 2022), *citing Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000).[4]

## III.     Argument

### 1.     The United States is the sole defendant for FTCA claims.

Federal employees Doyle[5], Ballam, and Sirk-Fear are immune from tort claims that challenge alleged negligent acts performed while acting within the scope of government employment under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act). 28 U.S.C. § 2679. *See* Certification of Scope of Employment (Doc. 16-1). The FTCA also does not permit suits against fictitious defendants. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: The United States is the only proper defendant in an FTCA action."), *citing Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983). *See also Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action[.]"). *Id.* Thus, to the extent the Amended Complaint names Doe defendants

---

[4] *See also Walker v. Nutribullet, L.L.C.*, No. 2:18-cv-00631-SVW-FFM, 2018 WL 5986985, at *1 (C.D. Cal. Mar. 22, 2018) (same); *Thalheimer v. City of San Diego*, No. 09-CV-2862-IEG (WMc), 2010 WL 11442903, at *1 n.3 (S.D. Cal. Mar. 2, 2010) (same); and *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *1 (N.D. Cal. Dec. 3, 2008) (same).
[5] Mr. Doyle is deceased.

in the caption, and references Doe defendants throughout (*see e.g.*, Doc. 28 at 2, 4, 10, 11 ¶¶ 7, 20, 62, 69), Plaintiffs' claims against Doe defendants should be dismissed.

**2.   There is no subject-matter jurisdiction over any FTCA claim that was not administratively exhausted.**

This Court lacks subject-matter jurisdiction over any FTCA claim that was not asserted in the administrative claims process. 28 U.S.C. § 2675(a). *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) ("This administrative claim prerequisite is jurisdictional."). *Id.* (Citation omitted). "§ 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits no exceptions." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). "Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim." *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (*citing* 28 U.S.C. § 2675(a)). Absent proof of filing an administrative claim this Court is deprived of jurisdiction, and requires dismissal of any claim that is raised for the first time in the Amended Complaint. *See Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) (Holding plaintiff "failed to comply with [§ 2675(a)'s] jurisdictional requirement that she file an administrative claim."). *Id.*

The chart below compares Plaintiffs' administrative claims (*see* **Exs. B, C, D**) to the claims in the Amended Complaint (Doc. 28):

| Administrative Claim | Asserted in SF-95 or Reconsideration Request (Exs. B, C, D) | Amended Complaint |
|---|---|---|
| Assault by Doyle | Yes ¶ 10 | ¶ 71a. |
| Assault by Ballam | Yes ¶ 10 | ¶ 71a. |
| Battery by Doyle | Yes ¶ 11 | ¶ 71b. (as to Reid only) |

| Administrative Claim | Asserted in SF-95 or Reconsideration Request (Exs. B, C, D) | Amended Complaint |
|---|---|---|
| Battery by Ballam | **NO** | ¶ 71b. (as to Reid only) |
| Malicious Prosecution (Asserted by Plaintiff Reason Only) | Yes | ¶ 71c. |
| Intentional Infliction of Emotional Distress (IIED) by Doyle | Yes ¶¶ 13-17 | ¶ 71d. |
| Intentional Infliction of Emotional Distress (IIED) by Ballam | **NO** | ¶ 71d. |
| Negligent Infliction of Emotional Distress (NIED) by Doyle | **NO** | ¶ 71e. |
| Negligent Infliction of Emotional Distress (NIED) by Ballam | **NO** | ¶ 71e. |
| Trespass to Real Property by Doyle | Yes ¶ 19 | ¶ 71g. |
| Trespass to Real Property by Ballam | Yes ¶ 19 | ¶ 71g. |
| Trespass to Chattel by Doyle | Yes ¶ 6; Reconsideration (p. 2) | ¶ 71h. |
| Trespass to Chattel by Ballam | **NO** | ¶ 71h. |
| Negligent Hiring, Supervision, & Training of Doyle | Yes (p. 3) | ¶ 69 |
| Negligent Hiring, Supervision, & Training of Ballam | **NO** | ¶ 69 |
| Negligent Hiring, Supervision, & Training of Sirk-Fear | **NO** | ¶ 69 |
| Negligent Hiring, Supervision, & Training of Tanya Gosset | **NO** | ¶ 69 |
| Negligent Retention of Doyle, Ballam, Sirk-Fear, & Tanya Gosset | **NO** | ¶ 69 |
| Religious, racial or ethnic harassment per Va. Code Ann. § 8.01-42.1 | **NO** | ¶ 72a. |
| Use of insulting words per Va. Code Ann. § 8.01-45 | **NO** | ¶ 72b. |

Any claim that was not asserted in the SF-95 or Reconsideration Request, as identified "**NO**" in the table above, should be dismissed for lack of subject matter jurisdiction. *Brady*,

211 F.3d at 503. In addition, no administrative claim was asserted complaining of acts or omissions by Cynthia Sirk-Fear or Tanya Gosset. However, the Amended Complaint makes multiple allegations against Ms. Sirk-Fear and Ms. Gossett. (*See e.g.*, Doc. 28 at 4, 9, 10, 11 ¶¶ 18, 19, 58, 59, 61, 63, 69). The Court lacks subject matter jurisdiction over such claims. Further, "[a]ny claim arising out of … libel, slander, misrepresentation, deceit, or interference with contract rights[]" is excepted from the waiver of sovereign immunity. 28 U.S.C. § 2680(h). Thus, Plaintiffs' claims for Libel (Doc. 28 at 11 ¶ 71f.), Civil conspiracy (*Id.* at 12 ¶ 72d.)[6], Fraud (*Id.* at 12 ¶ 72e.)[7], and Breach of contract/constructive eviction/unlawful eviction under common law or statute (*Id.* at 11-12 ¶ 72c.) should also be dismissed pursuant to Rule 12(b)(1), as should any claim for alleged submission of false, misleading, and/or inaccurate written statements by Mr. Doyle (*Id.* at 10 ¶ 60).

### 3. The United States has not waived sovereign immunity for *Bivens* liability or alleged federal and state constitutional violations.

The Amended Complaint omits the original complaint's specific reference to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[8], but still asserts identical alleged violations of Plaintiffs' civil rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution, and various sections of the Virginia Constitution.[9] The omission of the *Bivens* cite is misleading, because the Amended Complaint actually *expands* the alleged constitutional violations to also include violations of Plaintiffs' First and Eighth Amendment rights, in addition to the originally alleged violations of

---

[6] *See e.g. Goble v. Ward*, 628 Fed. Appx 692, 699 (11th Cir. 2015) (substance of civil conspiracy claim arises out of alleged misrepresentation and deceit and is barred by § 2680(h)). *Cf.* (Doc. 28 at 10 ¶ 60) (alleging submission of "materially false, misleading, and/or inaccurate written statements regarding this incident" by Mr. Doyle). *Id.*
[7] *See A.P.F.*, 492 F.Supp.3d at 997 (holding the "misrepresentation" and "deceit" exceptions in § 2680(h) "covers both claims of negligent misrepresentation and claims of fraudulent misrepresentation."). *Id.* (internal quotation marks and citation omitted). *See also Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 306 F.Supp.3d 776, 785 (D. Md. 2018) (citing cases holding fraud claims barred under the FTCA by § 2680(h)).
[8] *See* Complaint (Doc. 1 at 3, 10 ¶¶ 10, 69). *See also id.,* at 11 ¶ 72 ("Defendants' wrongful conduct also denied Plaintiffs rights guaranteed by the Constitution of the Commonwealth of Virginia, specifically Va. Const. art I sections 1, 7 through 11, 14, and 17.").
[9] *See* Amended Complaint (Doc. 28 at 11 ¶ 70).

Plaintiffs' rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. (Doc. 28 at 11 ¶ 70). The Court lacks subject matter jurisdiction over claims against the United States asserting violations of federal and state constitutional provisions. "The United States is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the United States." *A.P.F.*, 492 F.Supp.3d at 994, *citing United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Absent a waiver, sovereign immunity shields the Federal Government … from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.*

No constitutional tort claim lies against the United States under the FTCA. *Id.* at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). *Id. See also DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1128 (9th Cir. 2019) ("[T]he district court properly dismissed the *Bivens* claims against the United States for lack of subject matter jurisdiction."), *citing Meyer*, 510 U.S. at 486, and *Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987). Therefore, Plaintiffs' constitutional tort claims and other alleged state constitutional violations against the United States should be dismissed.[10]

---

[10] To the extent the Amended Complaint attempts to assert liability against the United States for alleged violations of Plaintiffs' constitutional rights by non-party agency and/or individual actors in their "official" capacities, (*see e.g.,* Doc. 28 at 2, 3, 11 ¶¶ 5, 7, 8a., 70), the United States has not waived sovereign immunity and the Court lacks subject-matter jurisdiction over such claims.

A *Bivens* action can only be maintained against a defendant in his or her individual capacity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[A] Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity.") (Citations omitted). The Amended Complaint does not name individual defendants in their individual capacity.

Regardless, any *Bivens* claim is time-barred because the claims were not filed pursuant to Va. Code Ann. § 8.01-243(A) within two (2) years of the alleged violations on August 19, 2017. (Doc. 28 at 3, 5-9 ¶¶ 12, 27-56). *See W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (forum state's personal injury statute of limitations applies to *Bivens* actions); and *Sakwa v. Aronica*, No. 92-2069, 1993 WL 165297, (4th Cir. May 18, 1993) (same). The Arizona statute of limitations for personal injury claims is identical. *See* A.R.S. § 12-542(1). The exhaustion of the FTCA administrative claim process did not toll Plaintiffs' *Bivens* claims. *See Bourassa v. United States*, No. 4:20-CV-4210, 2022 WL 204644, at *8 (D.S.D. Jan. 24, 2022) (collecting cases); *Degante v. Markey*, 1:22-CV-00662, 2022 WL 1479309, at *2 (W.D. La. May 10, 2022) ("Exhaustion under the FTCA does not toll the statute of limitations of a *Bivens* claim."). *Id.* (Citation omitted).

**4.  Plaintiffs' *de facto Bivens* claims fall outside of the narrow, recognized circumstances for such damages remedy and fail to state a claim.**

While the Amended Complaint does not expressly cite *Bivens*, the re-alleged (and expanded) federal constitutional violations are *de facto Bivens* claims in substance. The claims do not fall within the very narrow set of circumstances in which a plaintiff can obtain a damages remedy under *Bivens*. The claims also fail to state a claim upon which relief can be granted because, under the Supreme Court's *Bivens* precedents discussed below, the claims do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Supreme Court recently reaffirmed that, "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 142 S.Ct. 1793, 1803 (2022), *quoting Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856-1857 (2017). "[M]ore recently, we have indicated that if we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution." *Egbert*, 142 S.Ct. at 1809, *citing Ziglar*, 137 S.Ct. at 1855. "In *Bivens*, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert*, 142 S.Ct. at 1802, *quoting Bivens*, 403 U.S. at 397. "Although 'the Fourth Amendment does not in so many words provide for its enforcement by an award of money damages,' *id.* at 396[] the Court 'held that it could authorize a remedy under general principles of federal jurisdiction[.]'" *Egbert*, 142 S.Ct. at 1802, *quoting Bivens* (as indicated), and *Ziglar*, 137 S.Ct. at 1854. On 11 subsequent occasions, the Court "declined … to imply a similar cause of action for other alleged constitutional violations." *Egbert*, 142 S.Ct. at 1799-1800 (listing cites). Only twice after *Bivens* did the Court "fashion[] new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Egbert*, 142 S.Ct. at 1802 (Noting, "[s]ince these cases, the Court has not implied additional causes of action under the Constitution."). *Id.*

"At bottom, creating a cause of action is a legislative endeavor." *Id.* "When asked to imply a *Bivens* action, 'our watchword is caution.'" *Id.* at 1803, *quoting Hernández v. Mesa*, 140 S.Ct. 735, 742 (2020). If Congress "'might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [it].'" *Egbert*, 142 S.Ct. at 1803, *quoting Ziglar*, 137 S.Ct. at 1858. "'[E]ven a single sound reason to defer to Congress' is enough to require a court to refrain from creating such a remedy." *Egbert*, 142 S.Ct. at 1803, *quoting Nestlé USA, Inc. v. Doe*, 141 S.Ct. 1931, 1937 (2021). "'[T]he most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Egbert*, 142 S.Ct. at 1803, *quoting Hernández*, 140 S.Ct. at 750. "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case, *see Ziglar*, 137 S.Ct. at 1857-1858—no *Bivens* action may lie." *Egbert*, 142 S.Ct. at 1803.

In evaluating a proposed *Bivens* claim, the Court in *Egbert* stated, "our cases have framed the inquiry as proceeding in two steps. First, we ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.' If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 142 S.Ct. at 1803 (internal citations omitted). "While our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*

This case presents "a new *Bivens* context" because it is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S.Ct. at 1859. *See also Hernández*, 140 S.Ct. at 743 ("[O]ur understanding of a 'new context' is broad."). *Id.* Plaintiffs ask this court to fashion a new *Bivens* cause of action under the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution. (Doc. 28 at 11 ¶ 70). Plaintiffs allege their civil rights were violated at a public campsite when they were questioned by a National Park Service

ranger (Doyle) concerning the location in which they parked their vehicle. Plaintiffs refused to answer Doyle's basic questions. Plaintiff Reid was patted down by Doyle and Plaintiff Reason was issued a parking citation before Doyle and Ballam left the campsite. (*Id.* at 3-9 ¶¶ 11-56). Plaintiffs complain that (1) Doyle's flashlight periodically shone in their eyes; (2) Doyle shouted and knocked on the window of their vehicle when he arrived to get their attention; (3) Doyle quickly lifted a rain flap on a tent at the campsite to look inside for the source of a noise (a dog Plaintiffs had refused to identify); and (4) Ballam did not provide Plaintiff Reason a jacket when she complained of being chilled in the 70-plus degree weather. *Id.*

The Supreme Court has never recognized a *Bivens* remedy under the Sixth Amendment, as sought by Plaintiffs. (*Id.* at 11 ¶ 70). The Court has repeatedly refused to recognize a *Bivens* remedy under the Fourth and Fifth Amendments except under the specific facts and circumstances that were present in the *Bivens*, 403 U.S. 388 and *Davis*, 442 U.S. 228 matters, respectively. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernández*, 140 S.Ct. at 743. The Court has not articulated a comprehensive list of "special factors that counsel hesitation about granting the extension" of a *Bivens* remedy to a case arising in "a new context[.]" *Id.* (cleaned up) ("[B]ut we have explained that 'central to [this] analysis' are 'separation-of-powers principles.'"). *Id.* (*quoting Ziglar*, 137 S.Ct. at 1857). Thus, "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure[] … that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Egbert*, 142 S.Ct. at 1804. Congress has authorized tort suits for monetary damages under the conditions prescribed in the FTCA. In addition to their FTCA claims, Plaintiffs also filed a claim with the National Park Service's Office of Professional Responsibility concerning the subject August 19, 2017 encounter. (Doc. 28 at 9 ¶¶ 57-59). In sum, Plaintiffs' *de facto Bivens* claims present "a new *Bivens* context," Congress, not the courts, is in the best position to determine whether to create a new damages remedy for the specific factual circumstances at issue, and "an alternative

remedial structure" exists in the forms of the FTCA and complaint process utilized by Plaintiffs through the National Park Service's Office of Professional Responsibility for the complained-of conduct in this matter. The *de facto Bivens* claims should be dismissed.

## IV.  Conclusion

For the foregoing reasons, all claims and Defendants should be dismissed pursuant to Rule 12(b)(1) except the FTCA claims against the United States only that were administratively exhausted and not otherwise excepted from the waiver of sovereign immunity under 28 U.S.C. § 2680(h): the alleged (1) Assault (by Doyle and Ballam), (2) Battery (by Doyle), (3) Malicious prosecution, (4) Intentional infliction of emotional distress (by Doyle), (5) Trespass to real property (by Doyle and Ballam), (6) Trespass to chattel (by Doyle), and (7) Negligent hiring, training, and supervision (of Doyle).[11]

RESPECTFULLY SUBMITTED this 23rd day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Noel C. Capps*
NOEL C. CAPPS
Assistant United States Attorney
*Attorneys for Defendant United States of America*

---

[11] The United States reserves all rights and objections to the ultimate viability of these for-now remaining claims, including but not limited to, dispositive motion practice.

# CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, I electronically transmitted the attached document via electronic mail to the below emails and to the Clerk's Office and using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Trevor Reid**
**Crystale Reason**
3920 E. Thomas Rd. # 5723
Phoenix, AZ 85010
trevor.d.reid@gmail.com
crystale.reid@gmail.com
PRO SE

A copy of the forgoing will also be mailed via U.S. First Class mail.

*s/ Celescia A. Broughton*
U.S. Attorney's Office