Trevor Reid
Crystale Reason
3920 E Thomas Rd  #5723
Phoenix, AZ  85010
Email: trevor.d.reid@gmail.com
Email: crystale.reid@gmail.com
Tel: (386) 249-9739
Plaintiff(s), pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Trevor Reid, | Case No. |
|---|---|
| Crystale Reason | **CV-22-00068-PHX-SMB** |
| Plaintiffs | |
| v. | |
| United States of America, et al | PLAINTIFFS' RESPONSE TO UNITED STATES' PARTIAL MOTION TO DISMISS AMENDED COMPLAINT [DOC. 28] PURSUANT TO 12(b)(1) |
| Defendants | |

Plaintiffs, Trevor Reid and Crystale Reason ask that Defendant the United States of America's Partial Motion to Dismiss Amended Complaint Pursuant to 12(b)(1) (Doc. 33, hereafter PMTD) be denied.

POINTS AND AUTHORITIES

I. **Legal Standard for Rule 12(b)(1) Motion**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to

dismiss a claim for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiffs' allegations and draw all reasonable inferences in the plaintiffs' favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). If the Court dismisses the complaint or portions thereof, it must also consider whether the pleading can be cured by additional allegations even in the absence of a request for leave to amend[1]. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). Further, the Plaintiffs in this case are proceeding pro se. Courts must read pro se allegations in a liberal fashion. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007). "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## II. The Doe Defendants Are Sued Under Laws Other Than the FTCA

---

[1] In the event portions of this complaint are dismissed Plaintiffs intend to seek Defendant's agreement, and if necessary the Court's leave, to amend their complaint so as to maintain any and all such claims as hold the government and its agents accountable for the facts averred.

Defendant argues the Doe defendants are not proper defendants pursuant to the FTCA. However, Plaintiffs claim notes that "John Doe #2 attempted to refuse the claim of Plaintiff Reason contrary to C.F.R. 14.2(b)(1)." This is an allegation of wrongful conduct pursuant to a federal regulation and raises a federal question in its own right. Similarly, "John Doe #1 had left a note on the windshield of the vehicle parked at site B19," from which it is reasonable to infer Doe #1 entered the rented property, and which Plaintiffs are asserting was a trespass. Further, there has as yet been no determination of whether these individuals[2] acted within the scope of their federal duties. Plaintiffs can more fully develop these allegations once the Does are identified, but cannot identify them prior to discovery. Therefore it would be premature to dismiss the Doe defendants.

**II. Plaintiffs Claims Against the U.S. Were Exhausted Administratively**

Facts sufficient to anticipate Plaintiff's claims in this action were stated in their forms SF95 and subsequent request for reconsideration along with a demand for a specific sum in damages. This met the requirements of the Federal Tort Claims Act (FTCA) to "have first presented the claim to the appropriate Federal agency." Contrary to the implications of Defendant's

---

[2] To the extent that Plaintiffs directed their claim at Doe defendants as official or neglected to update the complaint to clarify that their conduct was tortious apart from the FTCA, these faults are susceptible to repair by further amendment.

PMTD such claims do not need to be set forth as detailed pleadings, specifying causes of action to be brought later. Claims are not even required to be presented in the form the government provides, nor in any particular way. For example, in trying to get a point across to a government agency, claimants may allude to pleadings that might be filed after the administrative claim if, as happened here, no meaningful attempt at compromise is made. This does not change the statutory requirements of FTCA which are to provide the government notice of the damages sought and the factual basis for the claim.

      These administrative exhaustion requirements afford federal agencies an opportunity to settle disputes before engaging in formal litigation in the federal courts. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014)). See also Michels, 31 F.3d at 688, emphasis added ("In 1966, ***to encourage more administrative settlements***, Congress amended the FTCA to require administrative claims in all cases.") That the agencies squandered that opportunity should not shift the goal posts for the claimants in federal court.

III.    Plaintiffs Constitutional Claims of Injury do not rely on *Bivens*

      Defendant the United States argues at some length that Plaintiffs

mention of injury to their constitutional rights as a result of the tortious and wrongful conduct for which the federal government **has** waived its sovereign immunity. This is simply a mischaracterization of the claims. Independent of *Bivens* jurisprudence plaintiffs will endeavor to argue for extending, modifying, or reversing existing law or for establishing new law in that constitutional harm is itself damage caused by the tortious conduct under the FTCA, rather than a cause of action itself.

  Respectfully submitted this 23rd day ofDecember, 2022.

                s/ Trevor Reid, *plaintiff pro se*

                s/ Crystale Reason, *plaintiff pro se*

## **CERTIFICATE OF SERVICE**

I certify that on December 23, 2022 the foregoing document was provided via CM/ECF or mail to:

Noel C. Capps
Assistant U.S. Attorney Arizona
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449

Attorney for Defendants the United States of America, David Ballam, and Cynthia Sirk-Fear

s/Crystale Reason