GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov

*Attorneys for Defendant United States of America*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Trevor Reid, Crystale Reason, <br><br> Plaintiffs <br><br> v. <br><br> United States of America, and one or more unknown named agents of the United States, called by the fictitious names John Doe or Jane Doe, who identities are not yet known <br><br> Defendants | No. CV-22-00068-PHX-SMB <br><br> **DEFENDANT UNITED STATES' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS AMENDED COMPLAINT** |

The United States of America, pursuant to LRCiv 12.1(b), replies in support of its Partial Motion to Dismiss Amended Complaint (Doc. 33). It is axiomatic, and unchallenged, that Plaintiffs bear the burden to establish the court has subject matter jurisdiction. (*Id.* at 2:20-23). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal quotation and citation omitted). Plaintiffs fail to articulate a basis upon which the United States has waived immunity for the claims sought to be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.*

Rather than demonstrate an express waiver of immunity by the United States vis-à-

1   vis the claims sought to be dismissed, Plaintiffs advance three arguments: (i) the Doe

2   defendants are sued under laws other than the FTCA and it is not known if Does 1 and 2

3   acted within the scope of their federal employment (Doc. 36 at 2-3); (ii) the administrative

4   claims were exhausted because notice of the damages sought and the factual basis for the

5   claims was provided (*Id.* at 3-4)[1]; and (iii) the constitutional claims of injury do not rely

6   on *Bivens*. (*Id.* at 4-5).

### (i) Doe Defendants are properly dismissed.

The United States is the sole defendant for FTCA claims. The response cites 28 C.F.R. § 14.2(b)(1), and alleges an attempt to refuse one of the claims in the administrative process. (Doc. 36 at 3). § 14.2(b)(1) is within Part 14 of Title 28, "Administrative Claims Under the Federal Tort Claims Act". An alleged violation of regulations governing agencies' claims settlement authority under the FTCA does not, as asserted, "raise[] a federal question in its own right." (Doc. 36 at 3). This bald assertion is unsupported. The response also does not mention (let alone address) the authorities cited in the motion holding that Doe defendants are properly dismissed in an FTCA action. *See* Doc. 33 at 3:18-24.

### (ii) Administrative remedies were not exhausted.

The FTCA's administrative claim requirements are jurisdictional and "must be strictly adhered to." *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). If *minimal* notice is the threshold requirement under 28 U.S.C. § 2675(a), there was *no* notice of claims or alleged facts concerning (i) David Ballam committing battery or causing any type of emotional distress; (ii) negligent hiring, supervision, and training of any individual,

---

[1] Plaintiff's Supplemental Points and Authorities (Doc. 37) should be disregarded, because it was filed late in contravention of the Court's Order. *See* Doc. 35 at 2:18-20. Regardless, the case cited in the supplemental filing does not bolster the response. In *Warren v. United States Dept. of Interior Bureau of Land Mgt.*, 724 F.2d 776 (9th Cir. 1984), the appellate court reversed a district court decision granting the government's motion to dismiss for lack of jurisdiction because claimant's attorney failed to provide extrinsic evidence of his representative authority as part of the administrative claims process in violation of 28 C.F.R. § 14.3(e). 724 F.2d at 777. No such argument is advanced by Defendant in this matter.

- 2 -

1  except Justin Doyle; (iii) religious, racial or ethnic harassment; (iv) use of insulting words;

2  or (v) Cynthia Sirk-Fear or Tanya Gossett. *See* Doc. 33 at 5:1-26.

3  **(iii)   The United States has not rendered itself liable for constitutional**

4  **tort claims.**

5  Rather than address the authority cited in the motion which establishes that the

6  United States has not waived its sovereign immunity for the asserted constitutional claims

7  (Doc. 33 at 6:12 – 7:16), Plaintiffs advance, without support, a novel theory that,

8  "constitutional harm is itself damage caused by the tortious conduct under the FTCA, rather

9  than a cause of action itself." (Doc. 36 at 5). Such theory fails on its face under its own

10  construct, which is expressly premised on "tortious conduct under the FTCA[.]"

11  Jurisdiction over the FTCA claims is conferred by 28 U.S.C. § 1346(b), and "the United

12  States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."

13  *Meyer*, 510 U.S. at 478.[2]

14  The response also does not address the United States' motion insofar as it seeks

15  dismissal of the claims excepted from the waiver of sovereign immunity under 28 U.S.C.

16  § 2680(h). *See* Doc. 33 at 1:21-24; 6:5-11.

17  The United States respectfully requests that the Partial Motion to Dismiss Amended

18  Complaint be granted and any additional relief that the Court deems proper.

19  RESPECTFULLY SUBMITTED this 9th day of January, 2023.

20

21  GARY M. RESTAINO
    United States Attorney
22  District of Arizona

23  s/*Noel C. Capps*
    NOEL C. CAPPS
24  Assistant United States Attorney
    *Attorneys for Defendant United States of*
25  *America*

26

27

28  _____

[2] The response is also devoid of argument or authority that the United States has expressly waived its sovereign immunity for the alleged violations of the constitution of the Commonwealth of Virginia.

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Trevor Reid**
**Crystale Reason**
3920 E. Thomas Rd. # 5723
Phoenix, AZ 85010

PRO SE

_s/ Celescia Broughton_
U.S. Attorney's Office