Trevor Reid
Crystale Reason
3920 E Thomas Rd  #5723
Phoenix, AZ  85010
Email: trevor.d.reid@gmail.com
Email: crystale.reid@gmail.com
Tel: (386) 249-9739
Plaintiff(s), pro se

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trevor Reid, | \| Case No. |
| | **\| CV-22-00068-PHX-SMB** |
| Crystale Reason | \| |
| | \| |
| Plaintiffs | \| |
| | \| |
| v. | \| |
| | \| |
| United States of America, et al | \| |
| | \| PLAINTIFFS' MOTION FOR |
| Defendants | \| PARTIAL SUMMARY |
| | \| JUDGMENT |

Plaintiffs, Trevor Reid and Crystale Reason, pursuant to Rule 56 Fed.R. Civ. P. move the Court for entry of summary judgment that every factual allegation in Plaintiffs' Amended Complaint (Doc. 28) that the Defendant has not denied, thereby admitting the same, is conclusively established as to Defendant United States of America (hereafter the United States, U.S., U.S.A., or Government). A separate Statement of Facts will be filed pursuant to LRCiv 56.1(a) to set forth the exact facts established.

<u>POINTS AND AUTHORITIES</u>

I.   Background

Trevor Reid and Crystale Reason commenced this action on January 12, 2022 following a many months-long administrative process as required by the Federal Tort Claims Act (FTCA). The Plaintiffs seek redress for having been terrified in the middle of the night in 2017[1] by armed federal officers who woke them, invaded their rented campground home-away-from-home, arrested or detained them for more than an hour, and searched them as well as the home, all on the dubious pretext of a parking violation. (See Doc. 28, Amended Complaint which supersedes Doc. 1, Complaint).

Before filing this lawsuit, each Plaintiff submitted a separate Form SF95 (Claim for Damage, Injury, or Death) with the National Park Service on August 18, 2019. When those claims were denied on June 1st, 2021 the Plaintiffs made a joint request for reconsideration to the Department of the Interior on June 1, 2021. The reconsideration request was denied on July 13, 2021.

The United States was not named as a defendant at first. The U.S. filed a Notice of Substitution in place of original individual park

---

[1] The events at issue occurred on August 19th, 2017.

ranger defendants Doyle, Ballam, and Sirk Fear for the FTCA claims only on June 10, 2022. (Doc. 16). These rangers were certified as having acted within the scope of their employment as employees of the United States, through its agency, the Department of the Interior, at the time of the conduct at issue. (Doc. 16-1). Plaintiffs' Amended Complaint removed the agency defendants, naming the U.S. instead. Remaining named individual defendants were also removed, leaving the U.S. and certain as yet unidentified John Does.

II.   Legal Standard for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," and a party may seek summary judgment on "part[s] of each claim." Fed. R. Civ. P. 56(a). Summary judgment is applicable in actions "against the United States or an officer or agency thereof." *Id*. 56 advisory committee's note.

A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" when a reasonable trier of fact could return a verdict for the non-moving party on the evidence. *Id*.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court must consider the cited materials, but it may also consider any other materials in the record. *Id*. 56(c)(3).

The movant bears the initial burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the movant meets this initial burden, it then falls on the nonmovant to show a genuine dispute as to material fact(s). *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Aside from the amount of damages, a fact "is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). For purposes of summary judgment, facts are

conclusively established "simply by highlighting the defendants' failure to file a timely answer." *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013). Such factual admissions cannot be in genuine dispute.

III.   Failure to Answer by Defendant U.S.A.

On December 3rd, 2022 the Court denied (Doc. 31) as moot Defendant's Motion to Dismiss (Doc. 27) the original Complaint (Doc. 1) and ordered that "Defendant United States of America must file an answer or subsequent motion to dismiss within 20 days."

Defendant U.S.A. filed a Partial Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(1) (Doc. 33, hereafter PMTD) but did not answer the Amended Complaint within the time allowed. The U.S.A. has not filed any responsive pleading or motion as to those claims that are outside the scope of its PMTD.

As in its earlier MTD, Defendant U.S.A. asserted the legal conclusion that "[t]he filing of this partial motion to dismiss tolls the filing of the Government's Answer," (PMTD at 1, footnote 1). To support this conclusion the Government offered only a District Court observation that "…the majority of courts have expressly held that even though a pending motion to dismiss may only address some of

the claims alleged, the motion to dismiss tolls the time to respond to all claims." (*Id.* quoting *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056-PHX-NVW, 2011). However, there is a "lack of binding precedent" to support the Defendant's unilateral adjustment of the deadline. S. Jarret Raab & Allison B. Hudson, *The Partial Motion to Dismiss: Is Piecemeal Litigation Required in Federal Court Under Rule 12?*, 2012 The Federal Lawyer 25, 27.

"*Gerlach v. Michigan Bell Telephone Co.* is the seminal case expressing the minority view that Rule 12(a) does *not* suspend a defendant's obligation to respond to the plaintiff's claims that are not the subject of the defendant's partial motion to dismiss." *Id.* at 25, emphasis in original. There, as here, the operative deadline for response prior to the motion under Rule 12(b) was the result of a series of bilateral extensions and of court orders. *Gerlach v. Michigan Bell Telephone Co.*, 448 F. Supp 1168, 1174 (E.D. Mich. 1978).

"Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Id*. There are courts that have found this aversion to delay convincing even after the emergence of the majority trend. Robb &

Hudson, *supra*, at 26. These include at least one case more recent than the 2011 observation cited by the Defendant.

"Although there may be some instances when a partial motion to dismiss extends the time to answer all counts, this case does not present such an instance. The Court does not see a need to delay [plaintiff's] claim simply because Defendant moved to dismiss." *Coca-Cola Financial Corp. v. Pure Tech Plastics LLC*, 1:12-cv-00949-SJC (N.D. Ga. July 9, 2012).

Delay is a well known enemy of justice. This litigation is already more than a year old. In the years since the Plaintiffs terrifying experience an important witness — the man who terrified them, and the only other person present at the encounter from beginning to end — has died. Another witness, the only officer eyewitness to at least part of the encounter, is of advanced years. Meanwhile, in the absence of vindication, or even closure, Plaintiffs continue to be troubled night and day by what was done to them as well as by the haunting fact that negligently hired, trained and supervised federal officers will do this — and worse — to others while slow-moving processes cloak those responsible with impunity.

Rule 12(a)(4) makes clear that the Court may "[set] a different

time" as to the effect of filing a motion under Rule 12.

The United States in its PMTD did not ask for an extension. It did not seek such relief in a separate motion. The U.S. did not proffer a partial answer. Nor did the Government ask the Plaintiffs if they would stipulate to a delayed answer. Instead, the U.S. merely asserted, in legal conclusory terms, based on a non-binding divergence of approach by trial courts, that evidence for a mere custom of tolling would somehow supersede this Court's authority to decide the deadline for responsive pleading in this case.

Ultimately, on November 3rd, 2022, the Court ordered in plain language that the Government was to answer or make a responsive motion within 20 days. Nothing in the language of the order indicates that the Government may respond only in part, nor in parts by different deadlines. The 20 day deadline has run. The U.S.A. did not follow the Court's order to answer the case.

IV.    Specific Claims Which Defendant U.S.A. Failed to Answer

Defendant's PMTD expressly excludes the following FTCA claims[2]:  "(1) Assault (by Doyle and Ballam), (2) Battery (by Doyle), (3) Malicious prosecution, (4) Intentional infliction of emotional

---

[2] This list is clear, but not exhaustive. Plaintiffs reserve the right to identify additional claims which were ignored by the Government.

distress (by Doyle), (5) Trespass to real property (by Doyle and

Ballam), (6) Trespass to chattel (by Doyle), and (7) Negligent hiring,

training, and supervision (of Doyle)." (PMTD at 11).

V.   Applicable Substantive Law

     As the United States has admitted the facts by failing to answer,

those facts are not in genuine dispute. Therefore summary judgment is

appropriate to deem those facts conclusively established as a matter of

law if those facts are material.

     A fact is material if it might affect the outcome of the case

under the FTCA or Virginia tort law governing those claims for which

the Government has not responded.

     The FTCA states in relevant part "[t]he United States shall be

liable, respecting the provisions of this title relating to tort claims, in

the same manner and to the same extent as a private individual under

like circumstances…With respect to any claim under this chapter, the

United States shall be entitled to assert any defense based upon

judicial or legislative immunity which otherwise would have been

available to the employee of the United States whose act or omission

gave rise to the claim, as well as any other defenses to which the

United States is entitled." 28 U.S.C. 2674.

Thus, a fact is material if it lends itself to deciding the circumstances, the underlying tort claim, and any applicable immunities or defenses to which such employees or the United States may be entitled.

The underlying torts in Virginia are typical of common law torts.  For brevity, the Virginian flavor of the elements are described here by reference to Virginia Model Jury Instructions – Civil (VMJI)[3].

<u>Assault</u>

"An assault is any threatening act that is intended to put another person in reasonable fear of imminent physical injury. [Words alone are never an assault.]." VMJI No. 36.010. "You shall find your verdict for the plaintiff if the plaintiff proved by the greater weight of the evidence that the defendant intentionally threatened him by some act that put him in reasonable fear of imminent physical injury. Intent may be inferred from the nature of the act and the surrounding circumstances." *Id*. 36.081.

<u>Battery</u>

"A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the

---

[3] https://www.vacourts.gov/courts/circuit/resources/model_jury_instructions_civil.pdf

other." *Id*. No. 36.000. "You shall find your verdict for the plaintiff if

he proved by the greater weight of the evidence that: (1) the defendant

intentionally touched the plaintiff; and (2) the touching was unwanted;

and (3) the touching was without justification, excuse, or the

plaintiff's consent." *Id*. 36.070.

Permissible Use of Force

"An officer has the right to use reasonable force to make a

lawful arrest. Use of that force is not an assault or battery. Within

reasonable limits, an officer is the judge of the amount of force

necessary to make a lawful arrest. Any force used in making an

unlawful arrest is an assault and battery." *Id.* No. 36.030.

Malicious Prosecution

"Malicious prosecution is the institution of criminal

proceedings by one person against another, maliciously and without

probable cause, if those proceedings ended in a manner [favorable; not

unfavorable] to the person prosecuted." *Id*. No. 41.000. "The

defendant in a malicious prosecution action is not liable if he acted

with probable cause in instituting criminal proceedings against the

plaintiff. This is true even if the plaintiff was acquitted and even if the

defendant acted with malice." *Id*. No. 41.050. "The defendant in a

malicious prosecution action is not liable if he acted without malice in instituting criminal proceedings against the plaintiff. This is true even if the plaintiff was acquitted." *Id*. No 41.035.

Intentional Infliction of Emotional Distress

"Did the defendant (1) [have the specific purpose of inflicting emotional distress upon the plaintiff; intend his specific conduct and know, or should have known, that his conduct would likely result in emotional distress]; (2) Was the defendant's conduct outrageous and intolerable in that it offends the generally accepted standards of decency and morality; (3) Did the plaintiff suffer severe emotional distress; and (4) Was the plaintiff's severe emotional distress proximately caused by the defendant's conduct?" *Id*. No 33.200

Trespass to Real Property

"A trespass is an entry without right or permission, authority or invitation, express or implied, onto property which results in interference with a person's right of possession in the property. Any physical entry upon the property constitutes such a trespass, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. [A trespass is an intentional failure to leave property after being requested to do so by a person with a right of

possession in the property.]" *Id*. No. 27.000.

"A trespass is willful if it is committed [in bad faith; with intentional disregard of the rights of another; with gross negligence regarding the rights of another]. A trespass is not willful if it is committed [unintentionally; accidentally; inadvertently; by mistake] under a good faith claim of right." Id. No. 27.010. "Every trespass is presumed to be willful. If you find that there was a trespass, the burden of proof is on the defendant, based on all the evidence introduced at trial, to show that the trespass was not willful." *Id*. No. 27.020.

Negligent hiring, training, and supervision

"Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case." *Id*. No. 4.000. "An employer is liable for all damages proximately caused by the negligence of his employee while acting within the scope of that person's employment." *Id*. 8.010. "When two or more persons undertake an activity with a common purpose and have a right to a voice in the operation and control of the activity, then each is liable for any negligence of the other[s] that is committed within the scope of the activity." *Id.* 8.130

<u>Trespass to chattel</u>

Virginia's model jury instructions do not directly address trespasses to chattel. This tort is generally defined as "intentionally… dispossessing another of the chattel, or using or intermeddling with a chattel in the possession of another." Restatement (Second) of Torts § 217 (1965). Harm to personal property or diminution of its quality, condition or value as a result of a defendant's use can also result in liability. *Id*. § 218(b).

VI.     Conclusion

Accordingly, any factual allegations in the Amended Complaint that shed light on the circumstances in which these claims arose or tend to prove or disprove any element of either a claim or a defense have been admitted by the United States and conclusively established. Summary Judgment to that effect should be granted.

Respectfully submitted this 7th day of February, 2023.

s/ Trevor Reid, *plaintiff pro se*

s/ Crystale Reason, *plaintiff pro se*

## **CERTIFICATE OF SERVICE**

I certify that on February 7th, 2023 the foregoing document was

provided via CM/ECF or mail to:

Noel C. Capps
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449

Attorney for Defendant the United States of America

s/Crystale Reason