Trevor Reid
Crystale Reason
3920 E Thomas Rd  #5723
Phoenix, AZ  85010
Email: trevor.d.reid@gmail.com
Email: crystale.reid@gmail.com
Tel: (386) 249-9739
Plaintiff(s), pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trevor Reid, | Case No. |
| | **CV-22-00068-PHX-SMB** |
| Crystale Reason | |
| Plaintiffs | |
| v. | |
| | PLAINTIFFS' REPLY IN |
| United States of America, et al | SUPPORT OF MOTION FOR |
| | PARTIAL SUMMARY |
| Defendants | JUDGMENT |
| | [RE: DOCS. 39,40, 41, 42] |

Plaintiffs, Trevor Reid and Crystale Reason, reply in support of their Motion for Partial Summary Judgment (Doc. 39).

The Defendant United States of America (the Government) has cited no binding authority for its position that "[t]he filing of the Partial Motion to Dismiss the Amended Complaint tolled the filing of the Government's Answer." (Doc. 41 at p. 2). The Government insists that this tolling, for which there is no provision in the text of the Rules, must operate

automatically despite the Court, by a clear Order (Doc. 31), having set "a different time" as expressly provided for in Fed. R. Civ. P. 12(a)(4). The parties certainly agree this is the Rule that governs the deadline. And yet, the Government's position contradicts the language of the Rule, which expressly provides that it is this Court that presides over the timetable in this case.

All of the Defendant's dire portents, "confusion" and "duplication" and so on, are avoidable without reading tolling, which is not there, into the Rule. If necessary, parties have what *is* undeniably in the Rules to rely on — the Court's discretion to modify the effect of serving a motion under Rule 12 on the deadline. This discretion is very broad until the deadline has passed. It is the perfect tool to avoid difficulties of all sorts. But relief must be sought. Fed. R. Civ. P. 7(b)(1)(C).

If the Defendant needed one deadline for a responsive motion and another to make an Answer, that should have been requested, rather than presumed. The Government claims past practice in some, but not all, District Courts requires tolling to pop-up automatically in this case. But no departure from the plain language of the Rules was ever requested via a motion compliant with Fed. R. Civ. P. 7(b)(1) in this case, nor from the Court's Order (Doc. 31). As such, Plaintiffs had no notice nor opportunity to respond to the Government's desire for a particular deadline.

Ultimately, the Government, having requested no extension, was ordered by the Court to respond within 20 days and this is completely consistent with Fed. R. Civ. P. 12(a)(4). However, the Government's eventual response ignored parts of the Amended Complaint (Doc. 28) even though the Court had made no ruling permitting this. Summary Judgment should be granted as to those factual allegations that the Government ignored.

Respectfully submitted this 23rd day of March, 2023.

s/ Trevor Reid, *plaintiff pro se*

s/ Crystale Reason, *plaintiff pro se*

## **CERTIFICATE OF SERVICE**

I certify that on March 23, 2023 the foregoing document was provided via CM/ECF or mail to:

Noel C. Capps
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449

Attorney for Defendant the United States of America

s/Crystale Reason