**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trevor Reid, et al., | No. CV-22-00068-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Department of Interior, et al., | |
| Defendants. | |

Pending before the Court is Defendant United States of America's ("Government") Partial Motion to Dismiss. (Doc. 33.) Plaintiffs Trevor Reid and Crystale Reason filed a Response (Doc. 36), and the Government filed a Reply (Doc. 38). The Court exercises its discretion to resolve this Motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After reviewing the parties' briefing and the relevant law, the Court will grant the Government's Motion for the following reasons.

**I.      BACKGROUND**

This case resulted from an interaction Plaintiffs had with park rangers while camping. (Doc. 28 at 3.) In August 2017, Plaintiffs had a campsite reserved near Triangle, Virginia for their family and dog. (*Id.*) On the evening of August 19, a National Park Service ranger approached Plaintiffs' campsite and asked if anyone was there. (*Id.* at 5.) No one responded. (*Id.*) The ranger returned later that night, again asking if anyone was there. (*Id.*) Plaintiffs allege the ranger shouted, knocked on their car window, and shined a bright flashlight in their eyes. (*Id.*) The ranger instructed Plaintiffs to move their car and

identify themselves. (*Id.* at 6.) Plaintiffs allege the ranger detained them, frisked Plaintiff Trevor Reid for weapons, and looked inside their tent without permission. (*Id.* at 7–8.)

Plaintiffs now bring this lawsuit, alleging many claims under the Federal Tort Claim Act ("FTCA") and Virginia state law. (*Id.* at 9–12.) The Government moves to dismiss all claims except the FTCA claims that Plaintiffs had previously asserted in the administrative claims process. (Doc. 33 at 11.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "[A]ccept[s] the plaintiff's allegations as true" and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction," "drawing all reasonable inferences in the plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, our inquiry is confined to the allegations in the complaint, while a factual attack permits the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004). The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When the plaintiff does not meet the burden of showing the Court has subject matter jurisdiction, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

### III. ANALYSIS

The Government argues this Court lacks jurisdiction over: (1) all claims against unnamed defendants; (2) claims not brought during the administrative claims process; and (3) Plaintiffs' claims for libel, civil conspiracy, fraud, and breach of contract/constructive and unlawful eviction. (Doc. 33 at 1.) The Court will address each in turn.

#### A. Unnamed Defendants

The Government asserts Plaintiffs cannot maintain FTCA claims against unnamed defendants. (Doc. 33 at 3.) "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (holding the district court properly dismissed the plaintiff's "action to the extent [the] complaint named Does 1 through 20 as additional defendants"). Here, Plaintiffs name as defendants the Government and "one or more unknown named agents of the United States, called by the fictitious names John Doe or Jane Doe, whose identities are not yet known." (Doc. 28 at 1, 10–11.) Plaintiffs respond that some of their claims against the unnamed Defendants are not asserted under the FTCA. (Doc. 36 at 3.) But similar to the Court's analysis addressed below, *see infra* Sec. III(B), Plaintiffs did not raise their trespassing claims against unnamed defendants in the administrative action. (*See* Doc. 33-2 at 13–14 (naming only Doyle and Ballam as trespassers in the Administrative Complaint.)) The Court will therefore grant the Government's Motion as to Plaintiffs' FTCA claims concerning these fictitious, unnamed Defendants.

#### B. FTCA Claims

The Government contends this Court lacks subject matter jurisdiction over any FTCA claims that Plaintiffs failed to raise administratively. (Doc. 33 at 4.) Plaintiffs respond that they provided adequate notice of their claims during their pursuit of administrative relief. (Doc. 36 at 3–4.) As a jurisdictional requirement, the FTCA requires any claims against the Government to first be brought before the appropriate federal agency. *See* 28 U.S.C. § 2675(a). "Because the requirement is jurisdictional, it must be strictly adhered to [because] the FTCA waives sovereign immunity." *Brady v. United*

*States*, 211 F.3d 499, 502 (9th Cir. 2000) (cleaned up).

In its Motion, the Government provided a table of Plaintiffs' claims from the Amended Complaint and whether Plaintiffs raised those claims administratively. (*See* Doc. 33 at 4–5.) The Court agrees that many of Plaintiffs' claims were not raised to the Department of Interior, and thus the Court lacks jurisdiction to adjudicate them. The Court will therefore dismiss the following claims: (1) negligent hiring, supervision, and training of Ballum, Sirk-Fear, and Gosset; (2) battery by Ballum; (3) intentional infliction of emotional distress by Ballum; (4) negligent infliction of emotional distress by Doyle and Ballum; (5) trespass to chattels by Ballum; (6) religious, racial, or ethnic harassment; and (7) insulting words. (*Id.*; *see also* Docs. 33-2 at 10–14; 33-3 at 2, 6.) Plaintiffs assert that the Administrative Complaint and Request for Reconsideration included "[f]acts sufficient to anticipate Plaintiff's claims in this action." (Doc. 36 at 3.) The Court rejects this assertion, as the Court's jurisdiction is limited to those claims already adjudicated by the Department of Interior. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency.").

The Government also contends the Court lacks subject matter jurisdiction over Plaintiffs' claims for libel, civil conspiracy, fraud, and breach of contract/constructive eviction. (Doc. 33 at 6.) "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The Court first notes that Plaintiffs did not raise fraud or civil conspiracy claims in their Administrative Complaint, meaning this Court lacks jurisdiction for the reasons stated above. *See* 23 U.S.C. § 2675(a). Even so, Plaintiffs' libel claim is barred by the FTCA's libel and slander exception and their claims for fraud, conspiracy, and that Doyle allegedly submitted a false or misleading statement are similarly barred. *See* 28 U.S.C. 2680(h); *see also Poole v. McHugh*, No. 12-cv-8047-PCT-JAT, 2012 WL 3257654, at *1 (D. Ariz. Aug. 8, 2012) (concluding "Plaintiff's claims for fraud and conspiracy are barred because the United States has not waived its sovereign immunity

for these intentional tort claims.").

Plaintiffs' breach of contract claim stems from "the ranger's and agents actions and omissions" allegedly interfering with Plaintiffs' campsite reservation. (*See* Docs. 28 at 11–12 ¶ 72(c); 33-2 at 4 n.1, 13–14 ¶ 19.) Such a claim for interference with a contract, or a general claim for breach of contract, is not available under the FTCA. *See* 28 U.S.C. § 2680(h); *see also DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1120 (9th Cir. 2019) (contrasting the district court's jurisdiction over FTCA claims "arising out of the negligent or wrongful conduct of any federal employee acting within the scope of the employee's employment" with the Court of Federal Claim's exclusive jurisdiction to hear actions "sounding in contract").

The Court will therefore dismiss the aforementioned claims pursuant to Rule 12(b)(1).

### C. Constitutional Claims

The Government asserts that Plaintiffs' federal and state constitutional claims are improperly before this Court. The Government contends Plaintiffs raise de facto *Bivens* claims—claims for money damages against federal agents or employees, acting in their individual and not official capacities, for violations of constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Watson v. Evans*, No. 13-cv-3035-EFM, 2014 WL 7246800, at *3 (D. Kan. Dec. 17, 2014) ("*Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities." (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994))). The original Complaint stated this action was "brought pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution; pursuant to the cause of action recognized in *Bivens v. Six Unknown Named Agents*." (Doc. 1 at 3.) The Amended Complaint includes claims that Plaintiffs' First and Eighth Amendment rights were also violated. (Doc. 28 at 11 ¶ 70.) Plaintiffs respond that "[i]ndependent of *Bivens* jurisprudence plaintiffs will endeavor to argue for extending, modifying, or reversing existing law or for establishing new law in that constitutional harm is itself damage caused

by the tortious conduct under the FTCA, rather than a cause of action itself." (Doc. 36 at 5.)

The Court construes Plaintiffs' constitutional claims as impermissible constitutional torts, not *Bivens* claims.[1] As noted in the Government's Motion, the Amended Complaint made no mention of *Bivens* and instead asserts this Court has jurisdiction under federal question jurisdiction via the FTCA—and that this Court can exercise supplemental jurisdiction to decide Plaintiffs' state law claims. (*See* Docs. 33 at 6–7; 1 at 3 ¶ 10; 28 at 2–3 ¶ 8.) The Supreme Court has held that constitutional torts are not cognizable under the FTCA. *See Meyer*, 510 U.S. at 477–78 (federal law cannot be the "source of substantive liability under the FTCA"). Plaintiffs' characterization of their alleged harm was the "deprivation of Plaintiffs rights guaranteed by the Constitution of the United States, specifically the First, Fourth, Fifth, Sixth, and Eighth Amendments." (Doc. 28 at 11 ¶ 70.) Thus, Plaintiffs' claims are based entirely on alleged constitutional violations, and are not really tort allegations. In contrast, *Bivens* claims must allege misconduct by individual defendants that amounts to constitutional violations. *See Watson*, 2014 WL 7246800, at *3. While Plaintiffs allege the harm was committed by the Government's agents, they made no allegations made against specific individuals. (*See* Doc. 28 at 11 ¶ 70.) The Court will therefore dismiss Plaintiffs' claims made under the United States Constitution.

The Government argues Plaintiffs' claims under the Virginia Constitution must also be dismissed because the United States has not waived its sovereign immunity. (Doc. 33 at 7.) The Court agrees. "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Plaintiffs bear the burden to demonstrate a waiver of sovereign immunity. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986). The Amended Complaint does not identify any basis for the Court to find that the Government[2] has consented to liability for violations of the Virginia Constitution.

---

[1] Even if the Court were to construe Plaintiffs' constitutional claims as *Bivens* claims, the Court would be required to dismiss any *Bivens* claims because Plaintiffs explicitly sue the unnamed Doe Defendants in their official capacities. (Doc. 28 at 2 ¶ 7.)
[2] The Court again notes that the Amended Complaint makes allegations against unnamed

- 6 -

Because the waiver of sovereign immunity is a prerequisite for jurisdiction, Plaintiffs have not established that this Court has jurisdiction over its state constitutional law claims. The Court will therefore dismiss Plaintiffs' claims made under the Virginia Constitution.

### IV.  LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). The Court finds it would be futile to grant leave to amend, as the FTCA does not permit Plaintiffs to assert claims: (1) against any defendant other than the United States—such as the unnamed defendants; (2) not raised in the administrative complaint; (3) as described in Section III(B); and (4) under the United States or Virginia Constitutions.

### V.  CONCLUSION

Accordingly,

**IT IS ORDERED** granting the Government's Partial Motion to Dismiss. (Doc. 33.)

**IT IS FURTHER ORDERED** dismissing the following of Plaintiffs' claims **with prejudice**: (1) Submission of a false or misleading statement; (2) negligent hiring, supervision, and training of Ballum, Sirk-Fear, Gosset, John Doe #1, and John Doe #2; (3) deprivation of rights under the United States Constitution; (4) deprivation of rights under the Virginia Constitution; (5) battery by Ballum; (6) intentional infliction of emotional distress by Ballum; (7) negligent infliction of emotional distress by Doyle and Ballum; (8) libel by Doyle; (9) trespass to chattels by Ballum; (10) religious, racial, or ethnic harassment; (11) insulting words; (12) breach of contract/constructive eviction; (13) civil conspiracy; and (14) fraud.

///

///

///

---

Doe Defendants "in their official capacities." (Doc. 28 at 2 ¶ 7.)

**IT IS FURTHER ORDERED** that the Government must file its answer to the remaining claims within twenty (20) days of the date of this order.

Dated this 19th day of May, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge