GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone:  (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov

*Attorneys for Defendant United States of America*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Trevor Reid,<br>Crystale Reason<br><br>             Plaintiffs<br><br>      v.<br><br>United States of America,<br><br>          Defendant | No. CV-22-00068-PHX-SMB<br><br>**ANSWER** |

Defendant, the United States of America, answers Plaintiffs' Amended Complaint (Doc. 28), and admits, denies, and alleges as follows:

PARTIES

1. Answering Paragraph 1 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2. Answering Paragraph 2 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. Answering Paragraph 3 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

4. Answering Paragraph 4 of Plaintiffs' Amended Complaint, Defendant lacks

knowledge or information sufficient to form a belief about the truth of the allegation.

5. Answering Paragraph 5 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that a Notice of Substitution was filed (Doc. 16); the Notice of Substitution speaks for itself (*id.*); and the Amended Complaint asserted, *inter alia*, claims under the Federal Tort Claims Act. Defendant denies any remaining allegations in this paragraph. *See also* Order (Doc. 45), incorporated by reference.

The Amended Complaint does not include a Paragraph "6," but all subsequent numbering in the Amended Complaint is based on a Paragraph 6 being asserted. Therefore, Defendant's paragraph numbering below mirrors the numbering in the Amended Complaint.

7. Answering Paragraph 7 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, *see* Order (Doc. 45), incorporated by reference. Defendant denies any remaining allegations in this paragraph.

JURISDICTION AND VENUE

8. Answering Paragraph 8 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that the Amended Complaint asserted, *inter alia*, claims under the Federal Tort Claims Act, and jurisdiction is proper under 28 U.S.C. § 1346(b). *See also* Order (Doc. 45), incorporated by reference. Defendant denies any remaining allegations in this paragraph.

9. Answering Paragraph 9 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, and upon

information and belief, Defendant admits only that venue is proper under 28 U.S.C. § 1402(b). Defendant denies any remaining allegations in this paragraph.

## FACTS

10. Answering Paragraph 10 of Plaintiffs' Amended Complaint, the allegations are ones of incorporation to which no response is required. To the extent a response is deemed necessary, Defendant incorporates its responses to Paragraphs 11 through 73 below.

11. Answering Paragraph 11 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. Answering Paragraph 12 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. Answering Paragraph 13 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. Answering Paragraph 14 of Plaintiffs' Amended Complaint, Defendant denies the allegations.

15. Answering Paragraph 15 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16. Answering Paragraph 16 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. Answering Paragraph 17 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. Answering Paragraph 18 of Plaintiffs' Amended Complaint, Defendant

lacks knowledge or information sufficient to form a belief about the truth of the allegations based on Plaintiffs' perceptions or feelings. To the extent the allegations are directed at Park Rangers, Defendant denies the allegations or innuendo in this paragraph.

19. Answering Paragraph 19 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. Answering Paragraph 20 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that on August 19, 2017, at approximately 1600 hours, Ranger Doyle was informed of an observed vehicle parked off-road and inside the campsite at campsite B19, and that a note was left on the vehicle to inform the vehicle owner of the parking violation. *See also* Order (Doc. 45), incorporated by reference. Defendant denies any remaining allegations in this paragraph.

21. Answering Paragraph 21 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that on August 19, 2017, at approximately 1730 hours, Ranger Doyle observed the vehicle parked completely off-road with a note on the vehicle explaining the violation, and walked to the tent on the campsite and verbally announced his presence by calling out "Park Ranger, anyone here", and "hello, anyone home" several times. Defendant denies any remaining allegations or innuendo in this paragraph.

22. Answering Paragraph 22 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that Ranger Doyle shook the corner of the tent to further announce his presence to locate the owner of the vehicle. Defendant denies any remaining allegations or innuendo in this paragraph.

23. Answering Paragraph 23 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that Ranger Doyle then heard a dog growl from inside the tent but was unable to locate any person at the campsite. Defendant denies any remaining allegations or innuendo in this paragraph.

24. Answering Paragraph 24 of Plaintiffs' Amended Complaint, Defendant

admits only, upon information and belief, that Ranger Doyle was unable to locate any person at the campsite at this time. Defendant denies any remaining allegations or innuendo in this paragraph.

25. Answering Paragraph 25 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. Answering Paragraph 26 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. Answering Paragraph 27 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that on August 19, 2017, at approximately 2248 hours, Ranger Doyle returned to the campsite and observed the vehicle had not moved; that two people (a man and a woman) were now sleeping inside; Ranger Doyle announced his presence and informed them they had to move their car and that a note had been left earlier in the day explaining the parking rules and the need to move the car; and it was dark. Defendant denies any remaining allegations or innuendo in this paragraph.

28. Answering Paragraph 28 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations based on Plaintiffs' perceptions or feelings and their departure. Defendant denies any innuendo in this paragraph.

29. Answering Paragraph 29 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that Ranger Doyle informed the individuals they had to move their car, showed them the designated parking location, and explained that parking off-road damages the vegetation. Defendant denies any remaining allegations or innuendo in this paragraph.

30. Answering Paragraph 30 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that the vehicle was moved prior to Ranger Ballam arriving at the campsite. Defendant lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations based on Plaintiff's perceptions or feelings. Defendant denies any remaining allegations or innuendo in this paragraph.

31.     Answering Paragraph 31 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Defendant denies any innuendo in this paragraph.

32.     Answering Paragraph 32 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. Defendant denies any innuendo in this paragraph.

33.     Answering Paragraph 33 of Plaintiffs' Amended Complaint, Defendant admits only, upon information and belief, that Ranger Doyle used a flashlight. Defendant denies that the flashlight was pointed directly at Plaintiffs' eyes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendant denies any innuendo in this paragraph.

34.     Answering Paragraph 34 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant denies the allegations as stated and incorporates its response to Paragraph 33, above. Defendant denies any innuendo in this paragraph.

35.     Answering Paragraph 35 of Plaintiffs' Amended Complaint, admitted. Defendant denies any innuendo in this paragraph.

36.     Answering Paragraph 36 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant denies the allegations as stated. Defendant denies any innuendo in this paragraph.

37.     Answering Paragraph 37 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle identified Plaintiff Reid through Mr. Reid's verbal statement of his name and date of birth. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendant denies any innuendo in this paragraph.

38.     Answering Paragraph 38 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant denies the allegations as stated. Defendant denies any

innuendo in this paragraph.

39.    Answering Paragraph 39 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle instructed Plaintiffs to sit down at a picnic table and to keep their hands where he could see them. Upon information and belief, Defendant admits that Plaintiffs complied with this request. Defendant denies any innuendo in this paragraph.

40.    Answering Paragraph 40 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant denies the allegations as stated. Defendant denies any innuendo in this paragraph.

41.    Answering Paragraph 41 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Plaintiff Reid asked Ranger Doyle if they were free to leave and Ranger Doyle responded that they were not free to leave, they were not under arrest, and that they were being detained for the purposes of investigation. Defendant denies any innuendo in this paragraph.

42.    Answering the first and second sentences of Paragraph 42 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant denies the allegations as stated and incorporates its response to Paragraph 41, above. Answering the third and fourth sentences of Paragraph 42, and upon information and belief, Defendant denies the allegations as stated. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendant denies any innuendo in this paragraph.

43.    Answering Paragraph 43 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

44.    Answering Paragraph 44 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle asked Plaintiffs to see their ID's, Plaintiff Reid stated they were in the vehicle and refused to answer Ranger Doyle's repeated question whether there were any weapons in the vehicle. Defendant

denies any innuendo in this paragraph.

45.    Answering Paragraph 45 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Ballam arrived at campsite B-19 approximately 2 to 3 minutes after Ranger Doyle called for assistance.

46.    Answering Paragraph 46 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle informed Plaintiff Reid he was performing a frisk for weapons and performed a frisk for weapons on Plaintiff Reid. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendant denies any innuendo in this paragraph.

47.    Answering Paragraph 47 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Defendant denies any innuendo in this paragraph.

48.    Answering Paragraph 48 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle did not discover a weapon on Plaintiff Reid's person. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendant denies any innuendo in this paragraph.

49.    Answering Paragraph 49 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that Ranger Doyle asked Ranger Ballam to watch Plaintiffs while Ranger Doyle checked the tent for an occupant. Defendant denies any innuendo in this paragraph.

50.    Answering Paragraph 50 of Plaintiffs' Amended Complaint, Defendant denies the allegations as stated. Defendant denies any innuendo in this paragraph.

51.    Answering Paragraph 51 of Plaintiffs' Amended Complaint, and upon information and belief, Defendant admits only that prior to Ranger Ballam's arrival at the campsite Ranger Doyle heard movement from the tent located on the campsite; Ranger Doyle repeatedly asked Plaintiff Reid who else is here and Plaintiff Reid responded that he had nothing to say about that; after Ranger Ballam's arrival at the campsite Ranger

Doyle knocked on the tent wall and exclaimed "Park Ranger anyone there" several times, heard movement in the tent but no one answered his calls, and then lifted up the rain flap on the tent to look inside and saw a dog locked in a small plastic kennel. Defendant denies any innuendo in this paragraph.

52. Answering Paragraph 52 of Plaintiffs' Amended Complaint, Defendant denies these allegations. Defendant denies any innuendo in this paragraph.

53. Answering Paragraph 53 of Plaintiffs' Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning Plaintiffs' volume. Defendant admits only, upon information and belief, that Plaintiff Reid repeatedly refused to answer questions whether other persons were present on the campsite or if there were any weapons in the vehicle. Defendant denies any innuendo in this paragraph.

54. Answering Paragraph 54 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations regarding 36 C.F.R. 4.12 constitute conclusory statements of law to which no response is required. To the extent a response is deemed necessary, Defendant denies such allegations. Upon information and belief, Defendant admits only that Plaintiff Reid repeatedly refused to answer if there were any weapons in the vehicle; and Ranger Doyle instructed Plaintiff Reason to remove her ID from her purse in the vehicle. Defendant denies any remaining allegations and innuendo in this paragraph.

55. Answering Paragraph 55 of Plaintiffs' Amended Complaint, Defendant denies these allegations. Defendant denies any innuendo in this Paragraph.

56. Answering Paragraph 56 of Plaintiffs' Amended Complaint, Defendant denies the allegations as stated. Defendant denies any innuendo in this Paragraph.

57. Answering Paragraph 57 of Plaintiffs' Amended Complaint, admitted.

58. Answering Paragraph 58 of Plaintiffs' Amended Complaint, admitted.

59. Answering Paragraph 59 of Plaintiffs' Amended Complaint, Defendant admits only that Chief Ranger Sirk-Fear spoke with Plaintiff Reid telephonically on September 25, 2017. Defendant lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations.

60. Answering Paragraph 60 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations constitute conclusory statements of law to which no response is required. *See also* Order (Doc. 45), incorporated by reference. To the extent a response is deemed necessary, Defendant denies such allegations.

61. Answering Paragraph 61 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that each Plaintiff presented an administrative claim directed to the National Park Service on or about August 19, 2019. Defendant denies any innuendo in this Paragraph.

62. Answering Paragraph 62 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. *See also* Order (Doc. 45), incorporated by reference.

63. Answering Paragraph 63 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64. Answering Paragraph 64 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that Administrative Claim No. TPB-19-0731 concerned Plaintiff Reid's claim and Administrative Claim No. TPB-19-0734 concerned Plaintiff Reason's claim. Defendant denies any innuendo in this Paragraph.

65. Answering Paragraph 65 of Plaintiffs' Amended Complaint, Defendant

alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that on December 3, 2020, the Department of the Interior denied each claim, provided a deadline for any written request for reconsideration, and a deadline for filing suit.

66.    Answering Paragraph 66 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, admitted. Defendant denies any innuendo in this Paragraph.

67.    Answering Paragraph 67 of Plaintiffs' Amended Complaint, Defendant alleges that the allegations contain conclusory statements of either law or jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant admits only that the Department of the Interior denied (final) the claims on July 13, 2021.

FEDERAL CLAIMS

68.    Answering Paragraph 68 of Plaintiffs' Amended Complaint, Defendant denies these allegations. *See also* Order (Doc. 45), incorporated by reference

69.    Answering Paragraph 69 of Plaintiffs' Amended Complaint, Defendant denies these allegations. *See also* Order (Doc. 45), incorporated by reference.

70.    Answering Paragraph 70 of Plaintiffs' Amended Complaint, Defendant denies these allegations. *See also* Order (Doc. 45), incorporated by reference.

VIRGINIA CLAIMS

71.    Answering Paragraph 71 of Plaintiffs' Amended Complaint, Defendant denies these allegations. *See also* Order (Doc. 45), incorporated by reference.

72.    Answering Paragraph 72 of Plaintiffs' Amended Complaint, Defendant denies these allegations. *See also* Order (Doc. 45), incorporated by reference.

DEMAND FOR RELIEF

73.    Answering Paragraph 73 of Plaintiffs' Amended Complaint, the paragraph constitutes Plaintiffs' Demand for relief, to which no response is required. To the extent a

response is deemed necessary, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

Defendant denies each and every allegation in Plaintiffs' Amended Complaint that is neither expressly admitted nor denied above.

**AFFIRMATIVE DEFENSES**

Without waiving, limiting, modifying, or amending the foregoing, the United States asserts the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

1.     To the extent Plaintiffs' claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or federal employee, the United States is immune from liability and the Court lacks subject-matter jurisdiction over Plaintiffs' claims. 28 U.S.C. § 2680(a).

2.     At all times relevant to Plaintiffs' claims, the United States' agents, servants, and employees exercised due care in carrying out their functions and duties. At no time relevant to Plaintiffs' claims did the United States' agents, servants, or employees breach any duty of care owed to Plaintiffs.

3.     Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671 *et seq.*, Virginia law, and other applicable law.

4.     To the extent that discovery and the evidence indicate, the United States will rely upon any other applicable affirmative defenses, including contributory negligence, assumption of risk, and failure to mitigate damages.

5.     The Court lacks jurisdiction over Plaintiffs' claims that were not the subject of the administrative claims process and procedures, including, but not limited to, any claim for negligent retention, or any claim based on alleged acts or omissions of Cynthia Sirk-Fear or Tanya Gosset. 28 U.S.C. § 2675(a). *See also* Order (Doc. 45), incorporated by reference.

6.    The injuries and damages alleged by Plaintiffs were not directly or proximately caused and/or contributed to by any act or omission, negligent or otherwise, by any agent, servant, or employee of the United States.

7.    Plaintiffs' recovery is limited to the amount sought by them administratively. 28 U.S.C. § 2675(b).

8.    Campground rules and regulations concerning parking and authorized parking areas, and signage, were published, provided, posted and otherwise available to all campers.

9.    Rangers Doyle and Ballam had legal justification to perform the acts complained of.

10.    The parking citation was properly issued and the citation was terminated in a manner unfavorable to the recipient.

11.    To the extent that Virginia or federal common or statutory laws act to limit or bar Plaintiffs' causes or action or damages and/or recovery, those laws apply in this case.

12.    To the extent that Plaintiffs have or will have received any payments for any alleged injuries from any government source, any finding of liability, which is expressly denied, and any resulting damages award, may be subject to set-off.

13.    The United States may have further or additional defenses which are not yet known, but which may become known through future discovery. The United States asserts each and every affirmative defense that may be ascertained through further discovery including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant, the United States of America, prays for the following relief:

1.  That the Court dismiss all remaining claims in Plaintiffs' Amended Complaint with prejudice.

2.  That Plaintiffs take nothing.

- 13 -

3. That Defendant be awarded its costs.

4. That Defendant be granted such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Noel C. Capps*
NOEL C. CAPPS
Assistant United States Attorney
*Attorneys for Defendant United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Trevor Reid**
**Crystale Reason**
3920 E. Thomas Rd. # 5723
Phoenix, AZ 85010

PRO SE

*s/ Alia C. Alvarez*
U.S. Attorney's Office