GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone:  (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov

*Attorneys for Defendant United States of America*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trevor Reid, Crystale Reason<br><br>Plaintiffs<br><br>v.<br><br>United States of America,<br><br>Defendant | No. CV-22-00068-PHX-SMB<br><br>**JOINT RULE 26(f) CASE MANAGEMENT REPORT** |

Plaintiffs Trevor Reid and Crystale Reason, *Pro Se*, and Defendant United States of America through undersigned counsel, submit this joint Case Management Report pursuant to the Court's Order Setting Rule 16 Case Management Conference (Doc. 47).

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

Trevor Reid and Crystale Reason, Plaintiffs. Noel Capps, AUSA, Defendant. Mr. Reid participated in the telephonic portion of the Rule 26(f) meeting after a work conflict arose for Ms. Reason. Prior to the start of the Rule 26(f) meeting, Ms. Reason emailed Mr. Reid and undersigned counsel for Defendant regarding the conflict and affirming that her "positions are identical with Mr. Reid's and I'm satisfied that his input will be the same as mine. If it's all right with everyone, I will participate in the conference by email, and by

reviewing the draft report before it is filed." Ms. Reason was copied on all email communications and iterations of this joint Case Management Report prior to filing.

**2. A list of the parties in the case, including any parent corporations or entities:**

Plaintiffs: Trevor Reid and Crystale Reason

Defendant: United States of America

**3. A short statement of the nature of the case (3 pages or less):**

Plaintiffs' Statement of the Case:

It is axiomatic that a law enforcement officer's searches, seizures, uses of force and intrusions must be reasonable. When they are not reasonable, such actions are as tortious as they would be for any other person. An essential part of what's reasonable is the gravity of the offense the officer is investigating.  In this case, National Park Service Ranger Justin Doyle, with others, unreasonably used his law enforcement powers of search, seizure and arrest based upon nothing more than poorly founded suspicions of the _least_ of transgressions defined in federal law, a petty offense — a parking ticket.

Also crucial to the question of reasonableness is where and when the officer chooses to act. Here, the park ranger Doyle chose, while armed, to intrude upon a rented campsite with defined boundaries, i.e. a home, in the middle of the night, while the occupants were sleeping. To reiterate, Mr. Doyle chose this _most sensitive_ of times and places over nothing more than poorly founded suspicions of the _least_ of transgressions defined in federal law, a petty offense — a parking ticket.

Under the circumstances, Mr. Doyle's actions were beyond unreasonable. They were bizarre and dangerous. Doyle created, and consistently escalated, a situation that was harmful to the Plaintiffs. This is not to mention the situation he created was also a dangerous uncertainty to his fellow officer(s), a disturbance of the peace to the campground, and a disproportionate commitment of federal resources.

All this, over poorly founded suspicions of the _least_ of transgressions defined in federal law, a petty offense — a parking ticket.

While Ranger Doyle's contempt for the campers' rights, lack of empathy, and poor judgment undoubtedly led to his abuse of power it also would not have happened but for the character shortcomings of those people the United States chose for its officers, how poorly it trained them, and how poorly it supervised them.

Therefore, the Plaintiffs are suing the United States, pursuant to the Federal Tort Claims Act, for the tortious assault, battery, malicious prosecution, intentional infliction of emotional defense, and trespasses committed by its officer(s) and employee(s) as well as for its negligent hiring, training and supervision that contributed to the same.

Defendant's Statement of the Case:

Prince William Forest Park in Virginia is part of the National Park Service (NPS). Oak Ridge Campground is a multi-site campground within Prince William Forest Park (the Park). Park visitors may reserve campsites within the Park, including sites within Oak Ridge Campground. A Park entrance fee is required in addition to camping fees. Each campsite within Oak Ridge Campground has an asphalt parking pad/slip specifically designated for the vehicles of visitors renting the campsite. Notice of regulations governing parking are provided. All vehicles must park entirely within the boundaries of the parking pad assigned to each campsite. Title 36 Code of Federal Regulations (Parks, Forests, and Public Property) is the primary resource protection and visitor use regulations for the Park (and all national parks).

Plaintiffs reserved a campsite at the Oak Ridge Campground, paid for their stay in advance, and were assigned to campsite B19 on August 19, 2017. NPS law enforcement officer Justin P. Doyle was informed by a Park host that Plaintiffs' vehicle was parked off-road and inside the camp site at campsite B19. The host informed Ranger Doyle no one was at the campsite and that the host placed a note on the windshield of Plaintiffs' vehicle informing them of their parking violation. Ranger Doyle later stopped at campsite B19 and observed Plaintiffs' vehicle illegally parked, with a typed notice from the host on the windshield explaining the violation. No one was at the campsite. Ranger Doyle returned to

campsite B19 on a later patrol at 2248 hours and observed Plaintiffs' vehicle still had not been moved and remained illegally parked. Ranger Doyle announced his presence to Plaintiffs who were asleep inside the vehicle and informed them they had to move their vehicle and that a note had been left earlier in the day on the windshield explaining the parking rules and the need for them to move their vehicle. Plaintiffs denied knowledge of the note left on their windshield and did not want to move their vehicle. Plaintiffs stated they did not understand where the vehicle should be moved and Ranger Doyle observed that Plaintiffs sounded agitated and angry. Mr. Reid demanded that Ranger Doyle provide the spelling of his last name and his badge number. Ranger Doyle showed Plaintiffs the designated parking location and explained that parking off-road damages the vegetation. Mr. Reid demanded Ranger Doyle "get that light out of my eyes" and Ranger Doyle responded his flashlight was pointed at his feet and that excess light could not be avoided. Mr. Reid demanded several more times that Ranger Doyle "stop shining that light in my eyes." Ranger Doyle heard movement from a tent located on the campsite so he asked Plaintiffs "who else is here?" Mr. Reid responded, "I have nothing to say to you about that." Ranger Doyle replied he heard movement from the tent and needed to know who was in there. Mr. Reid responded that "there are two registered occupants of this site" and said that he didn't know what Ranger Doyle was talking about. Mr. Reid further stated, "I doubt you saw any movement from the tent." Ranger Doyle again told Plaintiffs he needed to know who else was in the campsite and Mr. Reid answered, "I'm not saying anything to you about that." Ranger Doyle told Plaintiffs that he needed to see their ID's. Mr. Reid responded the IDs were in their vehicle. Ranger Doyle asked Mr. Reid if he had any weapons in the vehicle. Mr. Reid responded, "I have nothing to say to you about that." Ranger Doyle asked again if there were any weapons in the vehicle, and Mr. Reid responded, "I have nothing to say about that." Ranger Doyle instructed Plaintiffs to sit down at a picnic table and keep their hands where he could see them. Ranger Doyle radioed Park Ranger David Ballam requesting he come to the campsite to serve as a cover officer. Ranger Doyle informed Plaintiffs that he needed to know if there were any weapons with

them and if there were any more people present. Mr. Reid replied, "I have nothing to say to you." Mr. Reid then stated that he would "not answer any questions without a lawyer present" and asked if they were free to leave. Ranger Doyle told Plaintiffs that they were not free to leave, they were not under arrest, and that they were being detained for the purposes of investigation. Ranger Doyle informed Plaintiffs they were still required to identify themselves, but that he would not allow Ms. Reason to access the vehicle until Mr. Reid told him if any weapons were present.

Ranger Ballam arrived at the campsite at approximately 2315 hours to serve as a cover officer. Ranger Doyle performed a frisk for weapons on Mr. Reid and informed Mr. Reid he was performing a frisk for weapons. Ranger Doyle did not discover a weapon on Mr. Reid's person. While Ranger Ballam watched Plaintiffs, Ranger Doyle checked the tent on the campsite for an occupant by knocking on the tent wall and yelling out "Park Ranger anyone there" several times. Ranger Doyle heard movement in the tent, but no one answered his calls. Ranger Doyle then lifted up the rain flap on the tent to look inside and saw a dog locked in a small plastic kennel. Ranger Doyle identified Mr. Reid through his verbal statement of his name and date of birth. Ranger Doyle instructed Ms. Reason to remove her ID from her purse in the vehicle and identified her name through her driver's license. Ms. Reason stated to Ranger Doyle that she was the driver of the vehicle.

Based on probable cause for the citation pursuant to 36 C.F.R. Part 4, Ranger Doyle issued a citation to Ms. Reason (parking off-road in unauthorized location), and the Rangers left. Rangers Doyle and Ballam had legal justification to perform all actions taken at the campsite. Plaintiffs assert the following remaining claims under the Federal Tort Claims Act (*see* Doc. 45): (1) assault by Doyle; (2) assault by Ballam; (3) battery by Doyle; (4) malicious prosecution (Plaintiff Reason only); (5) intentional infliction of emotional distress by Doyle; (5) trespass to real property by Doyle; (6) trespass to real property by Ballam; (7) trespass to chattel by Doyle; (8) trespass to chattel by Ballam; (9) negligent hiring, supervision, and training of Doyle.

**4. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes:**

Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*; 28 U.S.C. § 1346(b).

**5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

Defendant has been served and filed its answer.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

The Parties do not expect additional parties to be added or further amendment of pleadings. *See* Order (Doc. 45 at 7).

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rule of Evidence 702, 703, 704, and 705):**

Plaintiffs

Plaintiffs intend to file a motion for summary judgment as to USA's liability on some or all of the claims, and may file additional pretrial motions which have not yet been identified.

Defendant

Defendant may file a dispositive motion on various issues, including liability. Defendant may file additional pretrial motions, which have not been identified as of the time of this filing.

**8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

Plaintiffs' Position

Plaintiffs believe the case is well suited for reference to a United States Magistrate Judge for a settlement conference before trial. Plaintiffs are not opposed to a reasonable discovery beforehand. Plaintiffs do not believe it will be necessary or fruitful to fully brief Rule 56 motions prior to attempting to settle.

Defendant's Position

Defendant believes that the case may be suitable for reference to a United States Magistrate judge for a settlement conference before trial, after sufficient discovery has been conducted.

**9. The status of related cases pending before other courts or other judges of this Court:**

Plaintiff Trevor Reid recently filed for Chapter 13 Bankruptcy in the District of Arizona. Plaintiff Crystale Reason, his spouse, did not file for bankruptcy but is a codebtor on all or most of his debts, including the debts of their marital community. Plaintiffs anticipate that some debts connected to damages claimed in this case, *e.g.* the Reids' bills for prescriptions and mental healthcare, may be paid and/or discharged in the bankruptcy. The active bankruptcy case number is 2:23-bk-03897-EPB. The initial meeting of creditors is scheduled for August 2, 2023.

**10. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced:**

Plaintiffs

Plaintiffs do not anticipate any issue related to preservation, disclosure, or discovery of electronically stored information. Plaintiffs agree to production by portable document format (PDF) and electronic storage media or, if necessary, paper copies. Note that Plaintiffs prefer flash drives or downloads to compact disc (CD) whenever possible.

Defendant

Defendant does not anticipate any issues related to the preservation, disclosure, or discovery of any electronically stored information, and has agreed to production in the form of portable document format (PDF), compact disc (CD), and/or paper copy.

**11. A discussion of any issues relating to claims of privilege or work product:**

Plaintiffs

Plaintiffs are not presently aware of any issues around privileges or work product.

Defendant

Defendant is not currently aware of any issues related to privilege or work product claims.

**12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:**

Defendant does not believe at this time that such order is warranted in this case.

**13. A discussion of necessary discovery:**

a.  Plaintiffs

Plaintiffs intend to serve written discovery on Defendant. Plaintiffs anticipate deposing Defendant's law enforcement officers named in the Amended Complaint, except Ranger Doyle who is deceased. Plaintiffs may, through Defendant's discovery responses, identify other witnesses to the campground events or transaction and seek to depose them. Plaintiffs anticipate requests or subpoenas for Defendant's records relating to its employees, policies, the rental transaction(s), the campground's event(s), and the campground's operation.

Defendant

Defendant will serve written discovery on Plaintiffs. Defendant anticipates

deposing Plaintiffs and reserves the right to depose any witness disclosed by Plaintiffs. Defendant may subpoena or seek to independently collect records pursuant to appropriate authorizations from sources identified in Plaintiffs' written discovery responses. Defendant may also request Rule 35 examinations of Plaintiffs.

      b.  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure

Plaintiffs

It is proposed by Plaintiffs to limit depositions in this matter to deposition by written questions except as otherwise agreed by the parties or ordered by the Court.

Defendant

None. Defendant's position is that all depositions should be taken pursuant to Fed. R. Civ. P., Rule 30.

      c.  The number of hours permitted for each deposition

The Parties believe that the seven hour time limit in Rule 30(d)(1) is sufficient for any deposition in this matter.

**14. Proposed specific dates for each of the following:**

a.  A deadline for completion of fact discovery: **01/19/2024**

b.  Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

    **Plaintiffs:**      **02/16/2024**

    **Defendant:**     **03/15/2024**

    **Rebuttal:**      **03/29/2024**

c.  A deadline for completion of all expert depositions: **04/26/2024**

d.  A date by which the parties shall have engaged in face-to-face good faith settlement talks:

Plaintiffs' Position:    **11/30/2023**

- 9 -

Defendant's Position:    **04/26/2024**

e.  A deadline for filing dispositive motions:    **05/24/2024**

15. **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

A jury trial is not available in this matter. 28 U.S.C. § 2402.

16. **The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

Plaintiffs' Position

Plaintiffs believe that the case has long been ripe for settlement discussions and is well suited for prompt good faith settlement efforts including reference to a United States Magistrate judge for a settlement conference before trial. Plaintiffs believe sufficient discovery to support settlement efforts can be frontloaded and that settlement should be attempted before either party goes to the effort of fully briefing Rule 56 motion(s) that may prove unnecessary.

Defendant's Position

Defendant believes that the case may be suitable for reference to a United States Magistrate judge for a settlement conference before trial, after sufficient discovery has been conducted.

17. **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1:**

None at this time.

- 10 -

RESPECTFULLY SUBMITTED this 12th day of July, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> s/*Noel C. Capps*
> NOEL C. CAPPS
> Assistant United States Attorney
> *Attorneys for Defendant United States of America*
>
>
> *Pro Se* Plaintiff
>
>
> s/*Trevor Reid*
> TREVOR REID
>
>
> *Pro Se* Plaintiff
>
>
> s/*Crystale Reason*
> CRYSTALE REASON

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Trevor Reid**
**Crystale Reason**
3920 E. Thomas Rd. # 5723
Phoenix, AZ 85010

PRO SE

I hereby certify that on July 12, 2023, I served the foregoing document, Joint Rule 26(f) Case Management Report, upon Plaintiffs via First Class U.S. Mail and via email to:

**Trevor Reid**
**Crystale Reason**
3920 E. Thomas Rd. # 5723
Phoenix, AZ 85010

PRO SE

Trevor.d.reid@gmail.com

Crystale.reid@gmail.com

s/ Alia Alvarez
U.S. Attorney's Office

- 12 -